MARY M. STRONG v. BURLINGTON TRACTION CO.

January Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 10, 1907.

*Carriers—Street  Railways—Collision—Injury  to  Passenger—
Liability of Company.*

Though a street car's collision with a delivery wagon resulted from the
deliveryman's negligence in suddenly turning at right angles and
crossing the track in front of the car, still the company would be
liable to a passenger for her injury due to the collision, if the
motorman's negligence in running the car at a very rapid and
unusual rate of speed, or too close to a car in front, which passed
the deliveryman just before he drove his wagon across the track,
prevented the motorman from avoiding the collision after he saw
the situation.

The evidence being conflicting as to whether the gong was rung to warn
the deliveryman of the approach of the car, it was error to instruct
the jury that if the ringing of the gong would have deterred the
deliveryman from crossing the track, and it was not rung, the
obstruction was the negligent act of defendant; as the inference of
negligence is not necessarily contained in that finding.

The motorman had no right to assume, as to plaintiff who was a
passenger, that one driving a wagon along the street in the same
direction the car was moving would not attempt to cross the track
"mid block," but he owed her the duty to exercise the most watchful
care and the most active diligence for her safety against collision
with the wagon. Whether he performed that duty was, in the
circumstances, a question for the jury.

CASE for negligence. Plea, the general issue. Trial by
jury at the March Term, 1906, Chittenden County, *Miles*, J.,
presiding. Verdict and judgment for the plaintiff. The de-
fendant excepted. The opinion states the case.

*A. G. Whittemore, V. A. Bullard* and *R. E. Brown* for the
defendant.

In the circumstances disclosed by plaintiff's case the motorman was not bound to anticipate such wrongful act of a third party, and from the moment that wrongful act began he did all in his power to prevent a collision. *Davidson* v. *Denver Tram Co.,* 35 Pac. Rep. 920; *Christensen* v. *U. Trunk Line,* 6 Wash. 75; *Chicago City Ry. Co.* v. *Kinnare,* 90 Ill. 210; *Knol* v. *Third Ave. R. Co.,* 168 N. Y. 592; Shear. & Red. Neg., §500; *R. R. Co.* v. *Meara,* 52 Ill. 96; *Fritz* v. *Ry. Co.,* 105 Mich. 50; *Black* v. *Railway Co.,* 68 L. R. A. 799; *Hamilton* v. *St. Ry.,* 163 Mass. 199; *Hollinshead* v. *Railway Co.,* 3 Street Ry. Rep. 604.

*Darling & Mower* and *C. S. Palmer* for the plaintiff.

In the absence of contributory negligence on the part of plaintiff, defendant is liable, if it was negligent in the operation of its car, regardless of any negligence on the part of the deliveryman. *Chapman* v. *New Haven R. R. Co.,* 19 N. Y. 341, 75 Am. Dec. 344; *Spooner* v. *B. C. R. Co.,* 54 N. Y. 230, 13 Am. Rep. 570; *Commonwealth* v. *Coburn,* 132 Mass. 555; *Wilder* v. *Stanley,* 65 Vt. 145.

ROWELL, C. J.  The plaintiff, a passenger on defendant's open street car, being frightened by a collision between the car and a delivery wagon crossing the track, jumped or was thrown from the car and injured, for which she seeks damages. The wagon was covered, and the seat hooded, with side lights. The driver could look back through the glass doors in the rear end of the wagon.

There was a car just ahead of the plaintiff's car, between which and the curb the deliveryman was driving at a trot in the same direction the car was going, and just as the car passed him, he suddenly turned his horse at right angles and trotted onto the track for the purpose of crossing to the other side of the street, and when the horse got onto the track it slowed up and walked, and the collision happened then, and about "mid block."

The defendant claims that its motion for a verdict should have been sustained, for that the evidence showed that the direct and immediate cause of the accident was the negligent act of

the deliveryman in driving across the track; that the motorman was not bound to anticipate the act of the deliveryman, and did all he could to prevent the collision after he saw that the deliveryman was going to cross.

But the testimony on the part of the plaintiff tended to show that the car on which she was riding was going at a very rapid and an unusual rate of speed, and was running too close to the car ahead of it. Now in one or-both of these respects the motorman may have been negligent, and that negligence may have been the reason why he could not prevent the collision after he saw the situation, and therefore the motion was properly overruled. *Railroad Company* v. *Harrell,* 58 Ark. 454, 472, a case much in point.

The testimony was conflicting as to whether the gong was rung to warn the deliveryman of the approach of the plaintiff's car. The court charged that that question bore exclusively on whether the defendant had anything to do with obstructing the track and creating the condition that plaintiff claimed occasioned her injury; that if the ringing of the gong would have prevented the obstruction by deterring the deliveryman from crossing the track, and it was not rung, the obstruction was a negligent act on the part of the defendant.

This was error, for it does not follow as matter of law that the motorman was negligent merely because the ringing of the gong would have prevented the obstruction, for the inference of negligence was not necessarily contained in that finding, and therefore the finding was not so decisive of negligence that it could be ruled as matter of law. It was a question of fact, and should have been submitted to the jury.

However it might be as to the deliveryman, as to the plaintiff, who was a passenger, it cannot be said as matter of law that the motorman had a right to assume that the deliveryman would keep along as he was, and not attempt to cross the track "mid block." His duty to her required of him the most watchful care and the most active diligence for her safety. *Hadley* v. *Cross,* 34 Vt. 586; 2 Hutch. Carriers, 3d ed., sec. 893. Whether he performed this duty or not was, in the circumstances, a question of fact.

The other questions are not considered, for some of them are not likely to arise again, and if others do, probably not in a way to present the same questions they now present.

*Reversed and remanded.*