ALEXANDER C. HIRST *vs*. FITCHBURG AND LEOMINISTER STREET RAILWAY COMPANY.

Worcester.   October 1, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Agency*, Scope of employment.   *Police*.   *Street Railway*.   *Assault*.

The fact that a person is employed as a police officer of a town is not conclusive evidence that he is not employed also by a street railway company to take tickets and preserve order in a skating rink maintained by it.

In an action against a street railway company for an assault alleged to have been committed upon the plaintiff by an employee in a skating rink operated by the defendant, it appeared that the assault was committed by one who had been appointed a police officer of the town in which the skating rink was, and there was evidence warranting a finding that he also was employed and paid by the defendant to take tickets and preserve order in the rink and that when he committed the alleged assault he had left the door, where he was taking tickets, to quell a disturbance and restore order. *Held*, that there was evidence warranting a finding that the assault was committed by an employee of the defendant acting within the scope of his employment.

TORT for an assault upon the plaintiff by one Driesnack, alleged to have been employed by the defendant and acting within the scope of his employment.   Writ in the Superior Court for the county of Worcester dated August 4, 1906.

There was a trial before *Wait*, J., who refused to direct a verdict for the defendant, and the defendant excepted.

The facts are stated in the opinion.

*C. F. Baker*, for the defendant.

*J. F. McGrath*, for the plaintiff, was not called upon.

MORTON, J.   The sole question in this case is whether there was evidence warranting the jury in finding that Driesnack was

acting as the servant of the defendant when he assaulted the plaintiff. Driesnack was a police officer of the town of Lunenburg and was on duty at Whalom Park in said town. The defendant operated a skating rink at said Park. The alleged assault took place in the skating rink. Driesnack, who was called as a witness by the plaintiff, testified, amongst other things, that he was taking tickets at the main entrance and saw something that looked like a disturbance in the skating rink, "and he immediately left his post at the gate and went into the skating rink, pushed his way through the crowd and saw quite a disturbance there; that his purpose in leaving the ticket job was to restore order; that . . . there was a large crowd" and "he pushed right into the centre of it where the disturbance was, and he saw it was necessary for him to pull his stick and he used it; . . . that the one who was struck seemed to him to be causing . . . a disturbance; that after he hit the man he began to clean out the crowd; did not use the stick any more; that he got the crowd cleaned out and peace and order were restored." This and other testimony in the case would, if believed, have warranted a finding that in doing what he did Driesnack was acting as a police officer to restore and preserve peace and order as his duty as a police officer required him to do; in which case the defendant would not have been liable for any assault committed by him even though it was committed upon its premises. But there was also evidence tending to show that notwithstanding he was a police officer of the town of Lunenburg he was in the employment of the defendant and that the assault was committed by him as such servant or employee. He was not, so far as appears, appointed a railway policeman under R. L. c. 108, §§ 21, *et seq.*, or under St. 1906, c. 463, Part I. §§ 49, *et seq.*, and neither those provisions nor the case of *Healy* v. *Lothrop*, 171 Mass. 263, relied on by the defendant have anything to do with the case before us. Neither was there anything in the fact that he was a police officer of the town of Lunenburg to prevent his being employed by the defendant if it saw fit to employ him. He testified that he was employed and paid by it; that after the skating rink was built he collected tickets at the main entrance; and "that Memorial Day, 1906, he did patrol duty in the forenoon, and in the afternoon they [*meaning as*

could have been found, we think, the defendant] sent him to the skating rink where he collected tickets," thus tending to show that he was subject to the defendant's orders.   He also testified that manager Guiol of the skating rink gave him instructions in regard to letting in disorderly persons and in regard to putting people out, and that in quelling the disturbance he felt that it was his duty under his appointment and " under the managers of the rink to go in and see what they were doing."   We do not see how it can be said that, on this testimony, the jury were not warranted in finding, as they must have found, that he committed the assault as a servant of the defendant, and not as a police officer.   See *St. Louis, Iron Mountain & Southern Railway* v. *Hackett*, 58 Ark. 381.   *Dickson* v. *Waldron*, 135 Ind. 507. The case was left to the jury under instructions not objected to except on the ground that there was no evidence warranting a finding that the assault was the act of a servant or agent of the defendant.   We think, as already observed, that there was such evidence, and that the exceptions must, therefore, be overruled.

*So ordered.*