## WILFRID JEAN *vs.* EDWARD CAWLEY.

Middlesex.  December 8, 9, 1913. — June 17, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Practice, Civil,* Auditor's report, Exceptions, Requests for rulings.  *Agency,* Existence of relation.  *Officer.  Police.  Conversion.*

In an action, in which the question whether a certain person had authority to act as the defendant's agent was material, an auditor made a finding that the person in question was such agent and reported the substance of all the evidence before him on this point. The defendant moved that the report of the auditor be recommitted on the ground, among others, that the evidence before the auditor did not warrant this finding. The motion was denied and no exception was taken. Later at the trial, when the auditor's report was offered in evidence, the defendant moved that it should be excluded on the ground that the finding of the auditor on the question of agency was unwarranted. The motion was denied by the judge. *Held,* that the denial at that stage of the case and under these circumstances was proper.

Where at the trial of an action, in which the question whether a certain person had authority to act as the defendant's agent is material, and an auditor's report has been introduced in evidence in which the auditor made a finding that the person in question was such agent and reported the substance of all the evidence before him upon this point, it is a proper way to raise the question of law involved for the defendant to ask the presiding judge to rule that this finding of the auditor was not authorized by all the evidence before him and should be disregarded.

In an action for the alleged conversion of certain personal property of the plaintiff left by him in a vacant building belonging to the defendant, which formerly had been occupied by the plaintiff as a tenant of the defendant and had been used by the plaintiff as a laundry, where a material question was whether a certain police officer was acting as the agent of the defendant in preventing the plaintiff from removing his property from the building, it appeared that the building was on the beat of the police officer. The officer testified that the defendant told him that he had "had some trouble with that building . . . and for me to look out for it," and told him, if he "saw any one taking stuff out" to notify the defendant. The defendant testified that he told the police officer "to keep an eye on the premises as the building had been broken into two or three times within two or three years, but that he did not tell him to stop [the plaintiff] from taking any property out of the building." There was no intimation that there was any pay or agreement for compensation from the defendant. It appeared that the defendant, in the afternoon of the day when he had the conversation with the police officer, caused the property in the building to be attached as belonging to the plaintiff. *Held,* that there was no evidence warranting a finding that the police officer was the agent of the defendant, and *also,* that for this reason the conversation between the defendant and the police officer was not admissible in evidence.

In an action for the alleged conversion of personal property left by the plaintiff in a building of the defendant which the plaintiff formerly had occupied as the defendant's tenant, if it appears that when the plaintiff went to the building for the purpose of removing his property a police officer acting as the agent of the defendant told the plaintiff to leave the building at once or incur the immediate arrest of himself and all his employees, and not to remove the property without the defendant's permission, and that thereupon the plaintiff left the building and the property remained in the possession and control of such police officer as the agent of the defendant until after the plaintiff had gone, this is evidence of a conversion without showing a demand by the plaintiff for his property before bringing the action.

TORT, in two counts, the first being for the alleged conversion of certain personal property. The second count alleged that the plaintiff was a tenant of the defendant in a building belonging to the defendant on Church Street in Lowell, that the plaintiff while such tenant purchased at great expense and installed in the building a large quantity of machinery, piping, shafting and other articles which were trade fixtures used by the plaintiff in carrying on the business of a steam laundry in the building and which the plaintiff had a right to remove therefrom, but that the defendant forcibly prevented the plaintiff from removing such property. Writ dated July 19, 1906.

In the Superior Court the case was referred to Alfred P. Sawyer, Esquire, as auditor, and later was tried before *McLaughlin,* J., upon the auditor's report and oral evidence. The denial by the

judge of a motion to exclude the auditor's report is stated in the opinion. The facts material to the question before this court which could have been found upon the evidence are stated in the opinion. At the close of the evidence the defendant asked the judge to make the following rulings:

"1. That all the evidence and findings in the auditor's report as to the conversation between officer Murphy and the plaintiff Jean is inadmissible and should be struck out of said report and not considered by the jury.

"2. That there was no evidence in the case sufficient to warrant a finding by the auditor that officer Murphy was authorized by the defendant to prevent the taking down and removal of any of the machinery or property of the plaintiff from the defendant's building.

"3. That the general findings or conclusions of the auditor in favor of the plaintiff are not warranted by the facts found by him.

"4. That the general findings or conclusions of the auditor in favor of the plaintiff are not warranted by the evidence reported which was properly admissible and by the facts properly found by him."

"7. That upon all the evidence in the case the plaintiff is not entitled to recover under the first count in his declaration."

"9. That there is no evidence in the case sufficient to warrant the jury in finding that the defendant converted any of the personal property of the plaintiff not covered by the injunction issued in the equity suit of *Cawley* v. *Jean.*"

"15. That in determining whether the defendant authorized officer Murphy to prevent the plaintiff from removing his property from the defendant's premises the jury are not 'to consider any of the evidence or findings of the auditor as to the conversation between the plaintiff and officer Murphy.

"16. That the fact that part of the property declared for by the plaintiff in this action was attached in a suit brought by the defendant upon the same day upon which the plaintiff attempted to remove his property is not to be considered by the jury as evidence either of a conversion of any of the plaintiff's property by the defendant or in proof of the second count of the plaintiff's declaration."

"21. That there is no sufficient evidence in the case of any

demand made by the plaintiff upon the defendant for any of the property alleged to have been converted by the defendant and the jury must therefore return a verdict for the defendant upon the first count of the plaintiff's declaration."

The judge refused to make any of these rulings. He ruled that the plaintiff could not recover on the second count of the declaration, which alleged wrongful interference on the part of the defendant with the removal by the plaintiff of certain fixtures, and submitted the case to the jury on the first count.

The jury returned a verdict for the plaintiff in the sum of $558.13; and the defendant alleged exceptions.

The case was argued at the bar in December, 1913, before *Rugg,* C. J., *Hammond, Loring, Braley, & De Courcy,* JJ., and afterwards was submitted on briefs to all the justices.

*J. J. Devine,* for the defendant.

*S. E. Qua,* for the plaintiff.

RUGG, C. J. This is an action of tort for the conversion of personal property of the plaintiff in a building of the defendant, which the plaintiff had occupied as tenant. The pivotal question is whether there was evidence to warrant a finding that a police officer named Murphy was the authorized agent of the defendant.

The case was sent to an auditor, who reported the substance of all the evidence before him upon this point and made a finding that Murphy was such agent. The defendant moved that the report be recommitted for the reason among others that the evidence before the auditor did not warrant a finding of the existence of such agency. This motion was denied and no exception was taken. At the trial the defendant objected to the admission of the report on the ground that the conclusions of the auditor were not warranted on the competent evidence admitted and the facts found. This motion was denied rightly. The report could not be rejected at that stage of the case under these circumstances. *Briggs* v. *Gilman,* 127 Mass. 530. *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320, 333. *Winthrop* v. *Soule,* 175 Mass. 400, 404.

Requests were made for rulings that the finding of agency by the auditor was not authorized by the evidence before him, and should be disregarded. As the auditor reported the substance of all the evidence before him upon this subject, these requests were

presented rightly. *Leverone* v. *Arancio,* 179 Mass. 439, 448. *Hunneman* v. *Phelps,* 199 Mass. 15, 20. *Picard* v. *Beers,* 195 Mass. 419, 427. *Fisher* v. *Doe,* 204 Mass. 34, 40. *Greene* v. *Corey,* 210 Mass. 536, 546. This is not a case where the contention is that the auditor has made material findings upon incompetent evidence. Such objections should be raised by a motion to recommit the report for amendment before the trial. *Collins* v. *Wickwire,* 162 Mass. 143, 145. *Sullivan* v. *Arcand,* 165 Mass. 364, 377. *Speirs* v. *Union Drop Forge Co.* 180 Mass. 87, 89. See now St. 1914, c. 576.

The substance of the evidence bearing upon the question whether Murphy was the agent of the defendant was that Murphy was a regular police officer of the city of Lowell, and during the period in question was travelling upon a beat on which there was a vacant building, formerly used as a laundry and containing considerable machinery and other trade fixtures, and at one time leased to the plaintiff by the defendant. Murphy testified that the defendant "said he had some trouble with that building over on Church Street, and for me to look out for it. Q. Just what language did he use? A. That is it, as well as I remember. . . . Q. Did he say to you, if you saw anyone taking stuff out of there to stop them and notify him? A. I believe he said, if I saw any one taking stuff out, that he had some trouble, and for me to notify Mr. Cawley." The defendant testified in his own behalf that he had a conversation with the police officer Murphy, in which he told him "to keep an eye on the premises, as the building had been broken into two or three times within two or three years, but that he did not tell him to stop Mr. Jean from taking any property out of the building." This is all the testimony before the auditor bearing upon the appointment of Murphy as agent for the defendant. Giving full weight to such inferences as the auditor fairly might draw from the appearance of the witnesses and their manner of testifying, it falls short of warranting a finding that such agency existed. It goes no further than the ordinary case of an owner asking the police officer on the beat to look after an unoccupied building so far as he could consistently with other duties, and notify him if any one undertook to take property from it. The common practice of an owner notifying a police officer that his house or building is to be unoccupied,

·with the request for him to keep an eye on it, does not establish the relation of principal and agent. It is simply calling the attention of the public officer to a situation of property which may call for vigilance in the performance of his duty to protect property.

The evidence at the trial upon this point did not differ in material respects from that before the auditor. The defendant testified, that he had told Murphy that he "wished he would keep an eye on that laundry building . . . as it had been broken into a number of times;" that he did not tell him if he ·saw any one removing property to stop them and notify him, but that he expected that if the officer saw any one taking property out of the building he would stop it and report the fact to him as any officer would do under the circumstances; that he did not tell Murphy to stop the plaintiff, and that the latter's name was not mentioned in the conversation. Murphy testified, that the defendant had asked him "to look out for that building on Church Street as he had had some trouble with it. . . . All Cawley said was for the witness to look out for his property." This, too, falls short of establishing agency, whether treated by itself or in combination with the facts stated in the auditor's report. The general employment of Murphy was that of police officer, whereby the law imposed upon him the duty to protect property and preserve order. His entrance upon the real estate, where the conversion is alleged to have taken place, and his inquiry as to the purpose of the plaintiff and his men there, were within the general scope of his public duty. Of course his further conduct as described in the testimony of the plaintiff and some other witnesses went far beyond this. There is no intimation that 'there was any pay or agreement for compensation from the defendant. The facts are similar to those disclosed in *Healey* v. *Lothrop*, 171 Mass. 263, and are quite unlike those in *Hirst* v. *Fitchburg & Leominster Street Railway*, 196 Mass. 353. The case fails to present many elements tending to show agency, which have been held sufficient to establish liability on the part of an alleged principal. *Pennsylvania Railroad* v. *Kelly*, 101 C. C. A. 359. *St. Louis, Iron Mountain & Southern Railway* v. *Morrow*, 88 Ark. 583. *Foster* v. *Grand Rapids Railway*, 140 Mich. 689. *Tolchester Beach Improvement Co.* v. *Steinmeier*, 72 Md. 313.

*Samuel* v. *Wanamaker*, 107 App. Div. (N. Y.) 433. There are no supporting circumstances which give a color to the testimony of Murphy and the defendant different from that which the words used import, or which afford affirmative proof from which agency may be inferred. The building had been vacant for several years. It was on Murphy's beat and what he did was during his hours of duty and in uniform. He had no business relations with the defendant. It does not appear that he reported what had happened to the defendant. Even though he assumed to interfere where as the event proved he had no duty to perform, that does not render Cawley liable upon the facts disclosed. The circumstance that the defendant caused the property to be attached as that of the present plaintiff on the afternoon of the day when Murphy had the talk with the plaintiff, is not enough to establish such agency even when taken in conjunction with all the other evidence. As the plaintiff's case failed upon this point, his conversation with Murphy based on the assumption of such agency was received erroneously.

It follows that the first, second, fourth and seventh requests for rulings by the defendant should have been granted. Both these questions are very close and this conclusion is concurred in only by a majority of the court.

As the case may be tried again, we consider other questions argued.

Giving full weight to the testimony of the plaintiff touching the conduct of Murphy at the building (if at another trial there should be evidence showing his agency for Cawley) it was sufficient to warrant a finding of conversion. In substance Murphy is reported to have told the plaintiff to leave the building at once upon pain of instant arrest of himself and all his employees, and not to remove the property without the permission of the defendant. Under these circumstances the plaintiff left the building and the property in the control of Murphy, who remained there at least until after the plaintiff had gone. This evidence, if believed, was sufficient to justify the conclusion that Murphy excluded the plaintiff from the possession of his property and exercised a control over it inconsistent with the plaintiff's right as its lawful owner. *Spooner* v. *Holmes,* 102 Mass. 503, 506. *Scollard* v. *Brooks,* 170 Mass. 445. If these were the facts, it

was not necessary for the plaintiff to make a demand before bringing suit, as the act of Murphy constituted conversion.

The defendant has argued that some of the property consisted of trade fixtures which had remained upon the leased premises after the expiration of the term without any special agreement respecting them, and that on this ground the finding of the auditor is indefensible. There was no special request precisely touching this subject and manifestly there was considerable personal property, which was unattached to the building and which on all the evidence might have been found to have been converted. Moreover the jury were instructed that there could be no recovery for wrongful interference with the removal of certain fixtures. All the other requests for rulings which were not given were denied rightly.

*Exceptions sustained.*