### OKLAHOMA AUTOMOBILE CO. v. GOULDING.

No. 9367—Opinion Filed Nov. 26, 1918.

(176 Pac. 400.)

**Trial—Peremptory Instruction—Evidence.**

It is only where the evidence and all inferences to be drawn from it will not justify a verdict for the plaintiff that the trial court should give a peremptory instruction to find for the defendant.

(Syllabus by Hooker, C.)

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by A. F. Goulding (Mrs. P. J. Goulding), guardian of Harold Hurley, a minor, against the Oklahoma Automobile Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Hills & Manatt, for plaintiff in error.

Wilson & Scott, for defendant in error.

Opinion by HOOKER, C. This action was instituted to recover damages alleged to have been caused to the infant ward of the

defendant in error by the negligent operation of an automobile driven by one of the employes of the plaintiff in error.

The company denied liability upon the theory that it did not own the automobile nor was the party in charge in its employ. The company lost and has appealed, and contends that the lower court erred in admitting certain evidence and in refusing to sustain a demurrer to plaintiff's evidence, as well as refusing to peremptorily instruct the jury at the close of all the evidence to find for it.

The sole issue was: Who was responsible for this accident?

The plaintiff below contended that defendant was, while the defendant denied its liability and sought to show that another company owned the machine and employed the driver.

The evidence disclosed that the Oklahoma Automobile Company, and the Oklahoma Auto Bus Company were both incorporated institutions having the same officers and directors, the same bookkeeper, occupied the same building, but kept different accounts and had different telephones, and not altogether the same stockholders. And the Pendleton-Gentry Oil Company, a partnership, occupied the same building and employed some of the same employes, although it had a different telephone and kept its accounts and moneys separate from the corporations. The proof further shows that the corporations had the same manager, and, according to the testimony of Mr. Gentry, their president, one George Pendleton, was second manager and acted for the companies in the absence of its manager, C. E. Pendleton. That being true, the statements of George Pendleton pertaining to the ownership of the machine and the liability of the plaintiff in error for the injury were properly admitted to the jury. While it is true that the declarations of an agent of themselves are not competent to establish agency, yet, when the agency has been shown to exist, the declarations of such agent concerning matters within the limits of his authority and employment are competent against the principal. Such is the case here.

The evidence of the witness Cotton to the effect that he had misplaced the check given by him for the automobile here, which automobile was being used at the time of the injury in taking him on professional business, and that the stub of the check was in his possession, which showed payment to plaintiff in error, was not prejudicial so as to require a reversal of this cause, as it was subsequently testified to by the manager of the company, without objection, that checks were frequently received by each of the companies which should have been given to the other.

After a consideration of this entire record, the many incidents arising in the conduct of the business of these companies, with their interlocking directorates, the transfer of automobiles from one company to the other, the admissions of the president of plaintiff in error that it had been engaged prior to the accident in the automobile business, and the conversation had with its acting manager, we cannot say that the verdict of the jury is not reasonably supported by the evidence. It is only where the evidence and all inferences to be drawn from it will not justify the verdict that the court should give a peremptory instruction. Durant v. Allen, 67 Okla. 1, 168 Pac. 205.

Judgment affirmed.

By the Court: It is so ordered.