## CENTRAL COAL & LUMBER CO. v. JONES.

No. 11045—Opinion Filed Feb. 6, 1923.

(Syllabus.)

1. **Appeal and Error—Continuance—Discretionary Power of Trial Court in Ruling on Motion.**

The granting or refusing of a continuance of a cause is addressed to the sound discretion of the trial judge, and where it does not appear that such discretion has been abused, the action of the judge in exercising such discretion will furnish no grounds for a reversal of the cause on appeal. Record examined, and held, that the trial court did not abuse its discretion in overruling the defendant's motion for a continuance.

2. **Trial — Peremptory Instructions — Evidence.**

The rule is well established that the trial court is unauthorized to direct a verdict in an action tried to a jury where there is competent evidence sufficient to reasonably sustain a verdict in favor of the party against whom the court is requested to instruct the jury. Record examined, and held, that the assignments of error are without merit, and that the judgment be affirmed.

Error from District Court, LeFlore County; E. F. Lester, Judge.

Action by Estella Jones against the Central Coal & Lumber Company to recover damages for the wrongful death of John Jones, deceased husband of the plaintiff. Judgment for the plaintiff for $2,000, and defendant brings error. Affirmed.

T. T. Varner and James B. McDonough, for plaintiff in error.

W. N. Redwine and Tom W. Neal, for defendant in error.

KENNAMER, J. Central Coal & Lumber Company, plaintiff in error, prosecutes this appeal to reverse the judgment of the district court of LeFlore county in which Estella Jones, defendant in error, was awarded $2,000 damages for the wrongful death of John Jones, her husband. The negligent acts of the plaintiff in error are alleged to have resulted in the death of John Jones on the 10th day of August, 1918, while working in the mines of the plaintiff in error as a shot-firer. The allegations of the plaintiff's petition and the evidence introduced in support thereof, in substance, are that while John Jones, on the 10th day of August, 1918, was in the performance of his duties as a shot-firer, he went into room 42, one of the rooms in defendant's mine, in the ninth west entry, or some other room in said entry unknown to the plaintiff, and fired a shot, and that when the shot was fired a dust explosion occurred which caused great flames of fire; that said fire burned John Jones all over his body, and as a result of the burns and injury John Jones died in about 22 hours. It was alleged that the ninth west entry and the rooms connected therewith were very dusty. That coal dust had settled on the side of the entry, the roof of the entry, in the rooms and all parts of the entry, in dangerous quantities. That the defendant had neglected and carelessly failed and refused to sprinkle the ninth west entry and the rooms connected therewith, and had failed and refused to remove the coal dust as it was the duty of the defendant to do. The answer of the defendant was a general denial and pleaded contributory negligence and assumed risk.

On the 11th day of August, 1919, when the case came on for trial, the defendant filed motion for continuance. The motion, in substance, stated that the defendant was unable to proceed with the trial of the case by reason of the absence of a material witness, Tom Scott, state inspector of mines for district No. 1. That if Scott was present he would testify that he received information of the accident resulting in the death of John Jones at mine No. 8, Central Coal & Lumber Company, on the 11th day of August, 1918. That on August 13, 1918, he carefully examined the ninth west entry as far as rooms 42 and 43 and found the entry in good condition. It was not dry, did not have any coal dust therein in dangerous quantities, was damp and in good condition. That the defendant could not make the proof by any other official mine inspector. The defendant's counsel did not learn of the case being set for trial until August 8th, and that the defendant had made every effort possible to have Scott present since obtaining knowledge of the date the case was set for trial.

On the hearing of the motion S. D. Graham testified concerning the number of telephone calls he had placed for Scott at different cities in trying to locate him and have him present. He also testified that the witness resided at Coalgate in Coal county.

220 88 OKLAHOMA REPORTS

The trial court overruled the motion for a continuance, and the overruling of the motion is assigned as error by the defendant on this appeal. It is clear from an examination of the record that the court did not abuse its discretion in overruling the motion for continuance. No subpoena had ever been issued for the witness, and the evidence offered in support of the motion shows that the witness is a nonresident of the county, and under the statute, section 5055, Revised Laws 1910, could not be required to attend as a witness had service been made upon him outside of LeFlore county. The case had been pending for a number of months and no effort had been made to obtain the testimony of the witness by taking his deposition. In this situation it is plain that the showing made in the motion and evidence in support thereof was insufficient to establish the diligence required under the law to authorize a continuance of the case. St. Louis & San Francisco Ry. Co. v. Cox, 26 Okla. 331, 109 Pac. 511; Wood v. French, 39 Okla. 685, 136 Pac. 734. In this jurisdiction, where the trial courts convene court at regular terms as prescribed by the statute for the purpose of trying all cases at issue, litigants should be diligent in ascertaining when their cases are set for trial on the calendar and arrange for the attendance of the material witnesses within the jurisdiction of the court, and if they desire the testimony of a witness without the jurisdiction of the court, secure such testimony in the manner provided by statute by taking the deposition of such witness.

Counsel for the defendant has argued 19 other assignments of error. All of said assignments complain of the action of the court in admitting or excluding certain evidence offered and in giving and refusing certain instructions, except assignment No. 12, which complains of the error of the court in refusing the peremptory instruction requested by the defendant. We deem it sufficient to say with reference to the request for a peremptory instruction that the evidence is conflicting as to the condition of the mine and as to whether there was a dust explosion which resulted in the death of John Jones. The rule is well established that the trial court is unauthorized to direct a verdict in an action triable to a jury where there is competent evidence sufficient to reasonably sustain a verdict in favor of the party against whom the court is requested to instruct the jury. Haddock v. Sticelber & Mong, 65 Okla. 254, 165 Pac. 1138.

In the case of Oklahoma Automobile Company v. Goulding, 73 Oklahoma, 176 Pac. 400, the rule was announced as follows:

"It is only where the evidence and all inferences to be drawn from it will not justify a verdict for the plaintiff that the trial court should give a peremptory instruction to find for the defendant."

We have carefully examined the other assignments of error with reference to the evidence objected to and the refusal to admit a statement purporting to be the report of the mine inspector, and the refusal of the court to give certain requested instructions of the defendant, and it is our conclusion that the assignments are without merit. The instructions given by the court, considered as a whole, fairly presented the law in the case applicable to the issues as made by the pleadings and the evidence. The instructions requested by the defendant stated the applicable rules of law as to the defense of contributory negligence and assumed risk. But the instructions given by the court fully and fairly submitted the defenses of contributory negligence and assumed risk; therefore, there was no error in refusing the requested instructions. From an examination of the entire record, it is our conclusion that the defendant had a fair and impartial trial, and no prejudicial error appearing, the judgment of the trial court must be affirmed. It is so ordered.

JOHNSON, V. C. J., and KANE, NICHOLSON, and BRANSON, JJ., concur.