**BAKER v. HINES, Director General of Railroads, and**

**COE v. SAME.**

No. 11019—Opinion Filed Feb. 27, 1923.

(Syllabus.)

**1. Carriers—Protection of Passenger.**

Where the relation of carrier and passenger exists, the carrier is bound to use the utmost care and diligence for the safety and protection of the passenger while the relation exists.

**2. Railroads—Employment of Special Policemen—Liability for Acts.**

Under section 1444, Rev. Laws 1910, railway companies organized under the laws of this state, or doing business within the state, are authorized at their own expense to appoint and employ special policemen, but under the provisions of said act, railway companies appointing such policemen are responsible for the acts of such policemen to the same extent as the acts of any of its general agents or employes.

**3. Carriers—Liability for Assault, etc., Upon Passenger by Special Agent of Carrier.**

In an action by a passenger for damages against a carrier for assault, etc., by a special agent, or policeman, of the carrier, where it appears from the evidence introduced that the employe of the carrier had been appointed a special agent, or policeman, that the passenger was seized by the arm by such special agent as soon as she had alighted from the train of the carrier at her destination and forcibly carried into the baggage room of such carrier and therein locked up, and her hand baggage searched on the suspicion of the special agent that the passenger might be transporting intoxicating liquors, and the evidence discloses that the special agent at the request of the carrier had been given a commission as a deputy sheriff, but there is no evidence indicating that the passenger had committed any crime, and the special agent was acting without a warrant and in violation of the law, and the evidence tends to show that the appointment of the special agent as deputy sheriff was only for the purpose of clothing said special agent with legal authority while engaged in the discharge of his duties as an employe of the carrier, held, the trial court committed reversible error in sustaining demurrer to the evidence.

**4. Same — Question for Jury—Capacity in Which Wrongdoer Acted.**

In an action for assault, etc., on a passenger by special agent of the carrier, held, under the evidence, that the question in what capacity the assaulting party was acting, as a deputy sheriff or as an employe, as special agent of the carrier, was for the jury.

Error from District Court, Wagoner County; Benjamin B. Wheeler, Judge.

Consolidated actions of Rose Baker and Lydia Coe, in the District Court of Wagoner County against Walker D. Hines, Director General of Railroads, and T. J. Slaton, to recover damages for assault and battery, unlawful arrest and false imprisonment. Judgment for defendant Director General of Railroads, and plaintiffs bring error. Reversed and, remanded, with directions.

C. E. Castle, for plaintiffs in error.

M. D. Green and H. L. Smith, for defendant in error.

KENNAMER, J. For the purpose of trial in the lower court, and also for the purpose of appeal, the above-styled actions

were consolidated by agreement of the parties thereto and by order of the trial court. The plaintiffs in error were plaintiffs below and defendant in error defendant below.

The actions are for damages to the plaintiffs, individually. The acts on which the respective claims for damages are based occurred at the same time and place. The pleadings in the two actions are practically the same. The evidence is the same for each action. The trial proceedings are the same for each action. A separate case-made for each action is filed herein.

The plaintiffs each instituted an action in the district court of Wagoner county to recover $2,800 damages, alleged to have been caused by the wrongful acts of T. J. Slaton, an employe of defendant, Walker D. Hines, Director General of Railroads. The plaintiffs' petitions are in three counts, to wit: One for assault and battery, one for unlawful arrest, and one for false imprisonment. Codefendant Slaton answered by general denial. Defendant Director General answered in three counts: 1st, by general denial; 2nd, that if codefendant Slaton did the things alleged, he was acting beyond the scope of his authority and employment; and 3rd, that whatever was done by Slaton was not done by him as a representative or employe of defendant, but as a deputy sheriff of Muskogee county, Okla.

On the 24th day of April, 1919, the cases came on for trial, and after a jury was impaneled the plaintiffs introduced their evidence, which in substance established the following material facts necessary to be considered in disposing of the questions presented by this appeal:

The plaintiffs, Mrs. Coe and Mrs. Baker, on the 16th day of December, 1919, purchased tickets at Wagoner of the M., K. & T. Ry. Co. for Muskogee and became passengers of the company on the train from Wagoner to Muskogee. The plaintiffs were married women and each had a suit-case full of dressed rabbits; Mrs. Baker carrying 14 in her suit-case, which her sons had killed, and Mrs. Coe 15, which her husband had killed, to be sold on the market at Muskogee. When the plaintiffs arrived at Muskogee and stepped off the train, Slaton, a special agent of the railroad company, seized the plaintiffs by the arm and led them into the baggage room. After locking the door of the room he searched the suit-case of Mrs. Baker, where he found the rabbits. He then stated to the plaintiffs that he was glad it was "that and not the other": that he had it "put over" him every day; that two ladies, his neighbors, had come in with whisky. Slaton refused to permit the plaintiffs to take their suit-cases away with them, but suggested that they go away from the baggage room and send back for ther suit-cases and the same would be turned over to them without any charge for storage. He then unlocked the door and allowed the plaintiffs to leave.

The special agents of the railroad company had been given commissions by the sheriff of Muskogee county, including the defendant Slaton, but the evidence tended to show that Slaton had never performed any duties as a deputy sheriff for which he had been paid any compensation by the county. The trial court, at the close of the plaintiffs' testimony, sustained a demurrer filed by the Director General to the evidence, but overruled the demurrer as to the defendant Slaton. The plaintiffs dismissed the action as to Slaton, and judgment was by the court entered for the defendant Director General. Motion for new trial was filed and overruled, and this appeal is prosecuted by the plaintiffs to reverse the judgment of the trial court.

Two questions are presented for review under the assignments of error: The action of the trial court in sustaining the defendant Director General's demurrer to the plaintiffs' evidence, and error in excluding competent and material testimony offered by the plaintiffs in support of their causes of action. We are clearly of the opinion that the evidence was sufficient to require the submission of the case to the jury.

It is clear that the relation of passenger and carrier still existed at the time of the alleged assault, unlawful arrest, and false imprisonment of the plaintiffs. The general rule is that a passenger upon arriving at a destination and alighting from a train may remain at the station such time as is, under the circumstances, reasonably necessary to prepare for his departure. 10 C. J. 626, sec. 1049; St. Louis S. W. R. Co. v. Wallace, 32 Tex. Civ. App. 312, 74 S. W. 581; Layne v. Chesapeake & O. R. Co., 58 W. Va. 213, 69 S. E. 700, 31 L. R. A. (N. S.) 414.

The relation of passenger and carrier existing between the plaintiffs and the railroad company, the defendant was bound to use the utmost care and diligence for their safe carriage and protection while that relation existed. Section 800, Rev. Laws 1910.

Section 1444, Revised Laws 1910, provides:

"Railway companies organized under the laws of this state, or doing business within the state, are hereby authorized and empowered at their own expense to appoint and employ policemen at such stations or

other places on the lines of their railroads within this state, as said companies may deem necessary for the protection of their property, and the preservation of order on their premises, and in and about their cars, depots, depot grounds, yards, buildings or other structures; and said policemen shall have power and authority to arrest, with or without warrant, any person or persons who shall commit any offense against the laws of this state, or the ordinances of any town, city or other municipality, when such offense shall have been committed upon the premises of said companies, or in and about their cars, depots, depot grounds, yards, buildings, or other structures; and shall also have the authority of sheriffs, constables and peace officers in regard to the arrest and apprehension of any such offenders, in or about the premises or appurtenances aforesaid; but in case of the arrest by said policemen of any person without warrant, they shall forthwith take such offender before some justice of the peace or other magistrate having jurisdiction and make complaint against said offender according to law. Nothing herein contained shall be construed as restricting the lawful rights, powers or privileges of any sheriff, constable policeman, or peace officer within their respective jurisdiction, and for the official acts of such policeman or policemen the railroad company making such appointment shall be held responsible to the same extent as for the acts of any of its general agents or employes."

The language of this statute is plain and unambiguous and clearly imposes liability upon the defendant railroad company for the wrongful acts of its special agent or policeman.

In the case of Hedge v. St. Louis & S. F. R. Co., 145 S. W. 115, the third paragraph of the syllabus, by the St. Louis Court of Appeals, reads:

"An employe of a railroad company charged with the duty of enforcing the company's rules in and about a station was a special policeman, but he did not receive any compensation from the municipality for his services, and never did any duty as policeman except at the station. The company paid him for services rendered. Held, that the company was liable for an assault committed by him on a person coming to the station for the purpose of purchasing a ticket to take a train, and it could not escape liability on the theory that what the employe did he did as a policeman and not as an employe."

In the case of Texas Midland Railroad v. Dean (Tex. Civ. App.) 82 S. W. 524, the court held:

"Where a passenger, while waiting at a depot for a train, was unlawfully arrested with the assistance of the company's station agent at that place, the company was responsible whether the agent knew that the arrest was without authority of law or not."

It is the contention of counsel for the Director General that the evidence wholly fails to disclose that Slaton, the special officer, was acting within the scope of his employment as such, and it being established by the evidence that Slaton held a commission as a deputy sheriff, the presumption is that he was acting as such deputy sheriff and not as a special agent or officer of the Director General. It is true the plaintiffs did establish by the evidence of the sheriff of Muskogee county that Slaton had been given a commission by him as a deputy sheriff. It appears that this evidence was offered by the plaintiffs to show that the special policemen of the defendant company were given these commissions by the sheriff at the request of the chief special officer of the railroad company, and the plaintiffs offered to prove by the sheriff that Slaton, the special policeman, never did any work as a deputy sheriff under the directions of the sheriff. The trial court excluded the evidence, which we believe was error, for the reason it was competent for the plaintiffs to establish the fact that the officer, Slaton, while holding a commission as a deputy sheriff, never acted in such official capacity, but merely secured the commission for his own protection in performing his duties as a special policeman or agent for the defendant railroad company.

In the case of Rand v. Butte Electric Ry. Co. et al. (Mont.) 107 Pac. 87, at page 93, the court said:

"We understand the rule of law to be that a public officer cannot engage as such to guard the property of a private individual or corporation, and that the latter cannot claim freedom from liability for his wrongful acts while engaged as its trainman or in other like capacity, on the ground that he is a public officer. If the wrong was done by the officer as such, his employer is not liable even if he exceeds his authority; but if it is done during the course of his duty as employe. then the employer is liable even if it is done in excess of authority; and it is generally a question for the jury to determine, upon all the evidence, the capacity in which the wrongdoer was acting at the particular time. This rule finds support in the following authorities: St. Louis, etc., Ry. Co. v. Hacket, 58 Ark. 381, 24 S. W. 881, 41 Am. St. Rep. 105; Brill v. Eddy, 115 Mo. 597, 22 S. W. 488; Krulevitz v. Eastern Railroad Co., 143 Mass. 228, 9 N. E. 613; Hirst v. Fitchburg & L. St. Ry. Co., 196 Mass. 353, 82 N. E. 10; Duggan v. Baltimore & Ohio R. R. Co., 159 Pa. 248, 28 Atl.

182, 186, 39 Am. St. Rep. 672; Gillingham v. Ohio River R. R. Co., 35 W. Va. 588, 14 S. E. 243, 14 L. R. A. 798, 29 Am. St. Rep. 827; Dwinelle v. New York Cent. R. R. Co., 120 N. Y. 117, 24 N. E. 319, 8 L. R. A. 224, 17 Am. St. Rep. 611; Dickson v. Waldron, 135 Ind. 507, 34 N. E. 506, 35 N. E. 1, 24 L. R. A. 483, 488, 41 Am. St. Rep. 440."

From the evidence introduced we do not believe the trial court was justified in assuming as a matter of law that the railroad company was not responsible for the acts of Slaton, in view of the plain language of the statute, supra. The rule in this jurisdiction applicable to a demurrer to the evidence has been repeatedly held to be:

"The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn therefrom, are admitted, and the court cannot weigh conflicting evidence, but must treat as withdrawn the evidence which is most favorable to the demurrant." Prairie Oil & Gas Co. v. Kinney, 79 Okla. 206, 192 Pac. 586.

As the wrongful acts were committed on the premises of the railroad company and the plaintiffs were unlawfully locked in the baggage room of the defendant company, and the unlawful arrest and restraint of the plaintiffs was on the premises of the railroad company by an employe of the railroad company, it was wholly unnecessary for the plaintiffs to offer any evidence as to Slaton's being appointed deputy sheriff, and it was only material at that time as showing the relation of Slaton to the company. The plaintiffs had established a prima facie case after having introduced evidence showing that Slaton was an employe of the railroad company and the wrongful acts committed by him. The statute, supra, makes the company liable for the wrongful acts of such special officer, and where such special officer held a commission as a deputy sheriff, the burden of showing that such special officer was not acting for the company but in some other capacity than that for which the railroad company had employed him, was upon the company. There is nothing in the evidence introduced on the part of the plaintiffs to indicate Slaton had any reasons whatsoever for acting as a deputy sheriff. No crime had been committed in his presence. There is no intimation that Slaton had any information that the plaintiffs were accused of violating any law, but, acting without a warrant or any complaint having been made, he, in violation of all the legal rights of the plaintiffs, unlawfully arrested them and searched their baggage, and it is

our conclusion that the trial court committed reversible error in sustaining the demurrer to the evidence.

If the officer, Slaton, ever performed any duties as a deputy sheriff and for the protection of the general public, and was acting in such capacity at the time he committed the wrongful acts, the burden is on the defendant, Director General, to show such facts; but, if Slaton only held a commission as deputy sheriff wholly for the purpose of performing his duties as an employe and special agent of the railroad company, then the company, or Director General, is responsible for his acts.

The judgment of the trial court is reversed, and the cause is remanded to the district court of Wagoner county, with directions to grant plaintiffs a new trial.

JOHNSON, V. C. J., and KANE, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.