## HUB-WYOMING OIL CO. v. WATTS et al.

No. 11322—Opinion Filed April 3, 1923.

(Syllabus.)

**1. Fraud — Actionable Fraud for Fraudulent Representations.**

In order to constitute actionable fraud for fraudulent representations, the representations must have been material, false; the person making them must have known them to be false or made them recklessly without knowledge of their truth and as a positive assertion; they must have been made with the intention that they should be acted upon by the other party, and such party must have acted upon them to his injury.

**2. Trial—Requested Instruction — Requisites.**

In order to entitle a party to insist that a requested instruction be given to the jury, such instruction must be correct both in form and substance, and such that the court might give to the jury without modification or omission, and, if the requested instruction is objectionable in any respect, its refusal is not error.

**3. Appeal and Error—Harmless Error—Refusal of Instruction.**

It is not error for the trial court to refuse to give a requested instruction, even though the same correctly states the law, if, upon examination of the entire record, it appears that the failure to give such instruction did not in any manner prejudice the rights of the party requesting such instruction.

Error from District Court, Washington County; Preston A. Shinn, Judge.

Action by O. A. Watts, G. A. Lytle, T. J. Ellis and B. F. Rowland against the Hub-Wyoming Oil Company on notes and mortgage. Judgment for plaintiffs; and defendant brings error. Affirmed.

Rowland & Talbott, for plaintiff in error.

George, Campbell & Ray, for defendants in error.

COCHRAN, J. Defendants in error commenced this action against the plaintiff in error to recover on 13 promissory notes and to foreclose a mortgage upon real estate securing the same. The defendant filed its cross-petition admitting the execution of the notes, but alleging that they were given as the purchase price for certain property and the plaintiffs had been guilty of fraudulent representations in the sale of the property, and asking for damages against the plaintiffs. The plaintiffs recovered the full amount sued for, and the defendant has prosecuted this appeal.

The defendant complains of the failure of the trial court to give instruction 1, which was as follows:

"You are instructed that if the plaintiff employed J. B. Hurt as his agent to sell the property involved herein, and you further find that such agent made material representations as to the character of said property which were false, and that the defendant relied on such representations in accepting the property, then the plaintiff is bound by such representations the same as if he had personally made them to the defendant."

In order to constitute actionable fraud, the representations must have been material, false; the person making them must have known them to be false or made them recklessly without knowledge of their truth and as a positive assertion; they must have been made with the intention that they should be acted upon by the other party, and such party must have acted upon them to his injury. The requested instruction did not include either the third or fourth grounds of actionable fraud, and was therefore an incomplete statement of the law. This court has repeatedly held:

"In order to entitle a party to insist that a requested instruction be given to the jury, such instruction must be correct, both

**134**                    **89 OKLAHOMA REPORTS**

in form and in substance, and such that the court might give to the jury without modification or omission. If the instruction, as requested, is objectionable in any respect. its refusal is not error." Smith v. Pulaski Oil Co., 88 Okla. 47, 211 Pac. 1047; M., K. & T. Ry. Co. v. West, 38 Okla. 581, 134 Pac. 655.

The defendant assigns as error the giving of instruction 6, in which the trial court instructed the jury that should it find for the defendant it should deduct from the sum recoverable by the defendant the sum of $630, interest upon the unpaid balance of the contract price, and the sum of $500, attorney fees, and also complains of the action of the trial court in declining to hear certain testimony tending to show the value of the property purchased. The verdict of the jury was for the entire amount represented by the notes sued for by the plaintiffs, and it is clear that no allowance whatever was made to the defendant for damages; therefore any error in regard to the giving of the instruction complained of and the exclusion of the evidence complained of would be harmless.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and KANE, KENNAMER. and NICHOLSON. JJ., concur.