## MUSKOGEE ELECTRIC TRACTION CO. v. BOLIN.

No. 13230—Opinion Filed Sept. 16, 1924.

Rehearing Denied Dec. 23, 1924.

**1. Appeal and Error—Discretion of Trial Court—Continuance.**

Motions for a continuance of a cause in the trial court are addressed to the sound discretion of the trial judge; and unless it clearly appears from the record that such discretion has been abused in overruling the motion to continue, the appellate court will refuse to find reversible error.

**2. Trial—Instructions—Refusal of Inaccurate Requests.**

In order to entitle a party to insist that a requested instruction be given to the jury, such instruction must be correct, both in form and in substance, and such that the court may give to the jury without modification or omission. If the instruction, as requested, is objectionable in any respect, its refusal is not error. Smith v. Pulaski Oil Co., 88 Okla. 47, 211 Pac. 1047; Hub-Wyoming Oil Co. v. Watts, 89 Okla. 133, 214 Pac. 193.

**3. Carriers—Liability for Injuries to Passenger on Street Car in Collision—Improper Instruction Requested by Defendant.**

In a case where a passenger for reward brings action against a carrier for personal injury received as a result of the negligence of the carrier while the relation of passenger and carrier existed, and the facts developed from the testimony were that the defendant's street car, in which plaintiff was riding, and while in due care for her own safety, collided with a steam roller which was being driven near defendant's track, and attempted to cross the track in front of the street car on which plaintiff was riding, and due to such collision plaintiff was thrown from her seat and against the front end of the street car and injured, instructions requested by the defendant having the effect of advising the jury that the motorman on the defendant's street car had a right to presume that the driver of the steam roller would not attempt to cross the track in front of the street car, and that if the driver of the street car exercised reasonable and ordinary care to prevent the collision defendant would not be liable for plaintiff's injury, are incorrect declarations

of law; and it was not error of the trial court to refuse to give such instructions to the jury.

**4. Carriers—Safety of Passengers—Duty of Carrier.**

Where the relation of passenger for reward and carrier exists, it is the duty of the carrier to use the utmost care and diligence for the safety of the passengers, so long as the relation exists. Section 4891, Comp. Stat. 1921; Baker v. Hines, etc., 88 Okla. 266, 213 Pac. 313.

**5. Judgment Sustained.**

Record examined, and held, that the trial judge did not abuse the sound discretion reposed in him in overruling defendant's motion for a continuance; and held, that the instructions requested by defendant were not correct declarations of law applicable to the facts established by the evidence; and the refusal to give them does not constitute reversible error; and held, that the verdict of the jury and judgment rendered thereon are reasonably supported by the evidence, and should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

Action by Lou Bolin against Muskogee Electric Traction Company, a corporation, for personal injury. Judgment for plaintiff, and defendant appeals. Affirmed.

C. A. Summers, for plaintiff in error.

Harry G. Davis and Neff & Neff, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was defendant below, and the defendant in error was plaintiff below, and the parties will be referred to herein as they appeared in the trial court.

By plaintiff's petition she sought to recover damages for personal injury and alleges that on the 17th day of February, 1921, she was a passenger on one of the defendant's cars in the city of Muskogee, and the car in which she was riding collided with a steam roller on defendant's track and she was thrown out of her seat against the front end of the car and was badly hurt by having a shoulder dislocated, a knee injured and a foot sprained, resulting in loss of time and much physical and mental pain and anguish, and permanent injury, to her damage in the sum of $5,000, for which she prays judgment. The defendant answered by general denial and by plea of contributory negligence.

The cause was called for trial on the 16th day of November, 1921, and defendant filed a motion for a continuance because of the absence of certain material witnesses, which motion was considered and overruled, to which ruling the defendant reserved an exception. The cause was tried to a jury, resulting in a verdict and judgment for plaintiff in the sum of $750. The defendant prosecutes appeal and the cause is here for review. The errors assigned are presented under the following propositions:

(1) "The trial court erred in overruling the motion of plaintiff in error for a continuance, same being an abuse of the discretion of the said court."

(2) "The trial court erred in refusing to give certain instructions requested by plaintiff in error setting forth the conduct required by law of the motorman, upon seeing an object near the track in front of an approaching street car."

1. The defendant sought to have the hearing of the case continued because of the absence of W. H. Ross, who was the motorman driving the defendant's car on which the plaintiff was injured, and because of the absence of L. W. Pressley, who was a passenger on the same car on which the plaintiff was injured. The court heard the motion for a continuance and overruled it as to W. H. Ross because the witness was not within the jurisdiction of the court, but had for some time resided in California and at Los Angeles, which fact the defendant knew and had for sometime known, and no effort had been made to take his deposition. The motion was overruled as to L. W. Pressley for the reason that he was not a resident of Muskogee county, but was a resident of McIntosh county, and no subpoena had been issued for him to be served upon him in McIntosh county; and no diligence had been used to take his deposition; and because it was agreed by plaintiff that Pressley's statement, made for the company about the accident shortly after it occurred, might be introduced and considered as evidence by the jury. The court overruled the motion for continuance for the manifest reason that defendant had not exercised due diligence in having them before the court in person, or having their testimony by deposition. We have examined the statements submitted as to what these witnesses would swear if present, and are unable to see how the testimony of the absent witnesses could have helped the defendant if they had been present; or if the statements made as to what they would swear had been read to the jury as their deposition. Their statements would have shown that the plaintiff was a passenger upon defendant's car and that the

car collided with a steam roller and plaintiff was knocked out of her seat; that the car had been slowed down to about five miles per hour when it struck the steam roller; but there is no statement as to why the car was not stopped before it struck the steam roller, or that it was impossible to stop the car before striking it, or that the motorman exercised all the means in his control to stop the car before striking.

Motions for continuance are addressed to the sound discretion of the trial judge, and unless there is abuse of such discretion, overruling a motion for a continuance will not work a reversal of a judgment. Wood et al. v. French, 39 Okla. 685, 136 Pac. 734; Missouri, O. & G. Ry. Co. v. Vandivere, 42 Okla. 427, 141 Pac. 799; Columbian Nat. Life Ins. Co. v. Wirthle, 73 Okla. 302, 176 Pac. 406; Priest v. Quinton, 68 Okla. 120, 171 Pac. 1113; Central Coal & Lumber Co. v. Jones, 88 Okla. 219, 212 Pac. 606.

Under the circumstances presented here, it is manifest that there was no abuse of discretion on the part of the trial judge in overruling the defendant's motion for a continuance, and we decline to find reversible error on that ground.

2. The defendant complains that certain requested instructions were refused by the court, and the ruling of the court constitutes reversible error. We have carefully examined the requested instructions. They have the effect of advising the jury that the motorman on the defendant's car had the right to presume that the fellow driving the steam roller along near the defendant's track would not turn upon the track, and that the defendant would not be liable if the motorman used reasonable and ordinary care to prevent a collision with the steam roller. The requested instructions would, perhaps, be proper declarations of law if the driver of the steam roller had been complaining of injury to himself or to his machine, or if the plaintiff had been injured in attempting to cross defendant's track, but such was not the case. This plaintiff was a passenger on defendant's car. She had paid her fare and the motorman knew she was on the car. As between his company and the passenger he had no right to indulge in presumptions as to what the driver of the steam roller might or might not do. When plaintiff went aboard defendant's car and paid her fare, thereby becoming a passenger for reward, in consideration for the fare paid, defendant contracted with her to deliver her safely to the alighting point. To fail to carry her safely was a breach of such contract, if the failure arose out of any negligence

upon the part of the defendant or its employes. The slightest negligence on the defendant's part, resulting in injury to the passenger, would entitle such passenger to recover for the injury. Where the relation of carrier and passenger exists the degree of care to be exercised is fixed by statute. Section 4891, Comp. Stat. 1921, provides that:

"A carrier of persons for reward must use the utmost care and diligence for their safe carriage."

In Baker v. Hines, etc., 88 Okla. 266, 213 Pac. 312, this court held that:

"Where the relation of carrier and passenger exsits the carrier is bound to use the utmost care and diligence for the safety and protection of the passenger while the relation exists."

Other courts in other jurisdictions have likewise announced the same rule. West Chicago S. R. Co. v. Tuerk, 193 Ill. 385, 61 N. E. 1087; Strong v. Burlington Traction Co., 80 Vt. 34, 66 Atl. 786.

In Gleeson v. Virginia Midland Ry. Co., 140 U. S. 435, 35 L. Ed. 458, it was held:

"Since the decisions in Stokes v. Salstonstall, 38 U. S., 13 Pet. 181 (10:115), and New Jersey R. & Transp. Co. v. Pollard, 89 U. S., 22 Wall. 341 (22:877), it has been settled law in this court that the happening of an injurious accident is, in passenger cases, prima facie evidence of negligence on the part of the carrier, and that the passenger being himself in the exercise of due care, the burden then rests upon the carrier to show that its whole duty was performed, and that the injury was unavoidable by human foresight. The rule announced in those cases has received general acceptance, and was followed at the present term in Inland and Seaboard Coasting Co. v. Tolson, 139 U. S. 551 (35:270)."

The requested instructions were not correct declarations of the law applicable to the questions of fact presented by the testimony.

In Hub-Wyoming Oil Co. v. Watts, 89 Okla. 133, 214 Pac. 193, this court held that:

"This court has repeatedly held: 'In order to entitle a party to insist that a requested instruction be given to the jury, such instruction must be correct, both in form and in subtance, and such that the court might give to the jury without modification or omission. If the instruction, as requested, is objectionable in any respect, its refusal is not error.' Smith v. Pulaski Oil Co., 88 Okla. 47, 211 Pac. 1047; M., K. & T. Ry. Co. v. West, 38 Okla. 581, 134 Pac. 655."

We have examined the instructions given by the court. They correctly declared the

law applicable to the facts adduced. The court told the jury that if the plaintiff was a passenger, having paid the required amount of fare, that defendant was required to exercise the highest degree of care for her safety; and that if they found from the evidence that defendant had failed to exercise such degree of care the defendant would be liable. The instruction upon this point was excepted to and complained of here. Such instruction was within the statute quoted and within the rule announced in Baker v. Hines, supra. The instruction was a correct declaration of law under the decided cases, as applicable to the facts which the testimony tended to prove.

The defendant, in conclusion, complains of the amount of the verdict and judgment. The testimony tended to show and the jury were warranted in finding therefrom, that the plaintiff got a fractured shoulder blade, a crippled knee and foot, and was confined to her bed for six weeks and suffered great physical pain as the result of being thrown out of her seat by the collision of the car in which she was riding as a passenger and the steam roller. The jury fixed her damages at $750. We think the amount fixed is sufficiently modest.

We have examined the entire record, and have concluded that the defendant was not denied any substantial right upon the trial; and that the verdict and judgment are amply justified by the record, and that the matters complained of do not constitute reversible error.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.