## J. H. LONG v. MARGARET J. McWILLIAMS.

(Filed July 16, 1902.)

1. **DEMURRER TO PETITION—Not Error to Overrule, When.** It is not error to overrule a demurrer to a petition which alleges that the defendant, at a certain time and place, wilfully and maliciously beat, bruised and wounded the plaintiff with a stick or club, thereby causing her great pain, suffering and mental anguish, to her damage in the sum of one thousand dollars.

2. **ASSAULT DAMAGES FOR—Married Woman.** By the laws of Oklahoma, a married woman who is living with and performing the ordinary duties for her husband, may sue for and recover damages in her own name and right, for pain and suffering occasioned by an assault upon her person by a third party.

3. **VERDICT NOT DISTURBED WHEN.** Where the evidence introduced on the trial reasonably tends to support the verdict of the jury and judgment of the court, this court will not disturb such verdict and judgment.

4. **JUDGMENT, EXCESSIVE, WHEN.** This court cannot say that a judgment for $300 allowed as damages for an assault with a heavy cane, which disabled one arm of the assaulted party for several weeks, and caused fever, pain and suffering, is so excessive as to require a new trial.

(Syllabus by the court.)

*Error from the District Court of Canadian County; before Benj. F. Burwell, Trial Judge.*

*Pearl, Goodwin & Reid,* for plaintiff in error.

No briefs for defendant in error.

Opinion of the court by

BURFORD, C. J.: The defendant in error, Margaret J. McWilliams, brought her action in the district court of Canadian county, against plaintiff in error, J. H. Long, to recover judgment for damages alleged to have been sustained by reason

of an unlawful assault. Long filed a general denial and the cause was tried to a jury, a verdict was rendered, and judgment pronounced for the plaintiff for $300 damages. Long appeals to this court.

It is first contended that the court erred in overruling the demurrer to the petition. The plaintiff alleged in her petition that the defendant unlawfully and maliciously struck, beat and bruised the plaintiff with a club, thereby greatly injuring and wounding her, and causing her great physical and mental suffering and anguish, and incapacitating her for work, to her damage in the sum of one thousand dollars. Every material fact necessary to a recovery was averred in the petition, and the demurrer was properly overruled.

On the trial of the cause it developed that the plaintiff was a married woman, living with and performing the ordinary household duties for her husband, and that she was not employed for wages or engaged in any other avocation. The defendant thereupon moved to dismiss the cause, for the reason that she could not maintain the action without her husband being joined; which motion was by the court overruled, and exceptions saved. Counsel for plaintiff in error, in contending for the above theory, have evidently overlooked chapter 40 of our Statutes, entitled, "Husband and Wife." Section 15 of that chapter provides:

"From and after the passage of this act, a woman shall retain the same legal existence and legal personality after marriage as before marriage, and shall receive the same protection of all her rights as a woman, which her husband does as a man; and for any injury sustained to her reputation, person, property, character or any natural right, she shall have the same right to appeal in her own name alone to the

courts of law or equity, for redress and protection that her husband has to appeal in his own name alone, Provided, that this act shall not confer upon the wife a right to vote or hold office, except as is otherwise provided by law."

The injury complained of in the case at bar was an injury to the person of the defendant in error, and she had the right to sue in her own name and recover such elements of damages as were the proximate result of the alleged assault, and which the law awards her as her own separate property. The general rule is that a married woman engaged in household duties for her husband, cannot recover for loss of time, but that the husband may recover for such loss. We are not called upon to decide whether this is a rule under our statute. The trial court eliminated this question by instructing the jury that the plaintiff on the trial had failed to prove any damages, except such as might be allowed for pain and suffering, and confined the jury to this one element. There can be no question under our statute, but that a married woman may in her own name and right, recover damages for pain and suffering caused by an unlawful assault. There was no prejudicial error in the ruling on the motion to dismiss, or in the instructions.

The further contention is urged by counsel for plaintiff in error, that the evidence is not sufficient to support the verdict of the jury. This court has repeatedly held that it will not disturb the judgment of the trial court where there is any competent evidence reasonably tending to support the verdict, and judgment. In this case, the reasonably fair preponderance of the evidence is in favor of the verdict, and this court must adhere to the well established rule.

It is lastly contended that the verdict of the jury is excessive. The plaintiff testified that the defendant struck her

on the arm with a heavy cane; that she was partially disabled for about six weeks; was sick, feverish, and suffered great pain and agony; evidently the jury believed her, and awarded her the sum of $300 as a plaster for her wounded feelings. We cannot say that this amount is so exorbitant as to be ex-excessive.

We find no error in the record. The judgment of the district court of Canadian county is affirmed, at the cost of the plaintiff in error.

Burwell, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.