### PRYOR v. HARVEY.

No. 17263—Opinion Filed Oct. 12, 1926.

(Syllabus.)

**1. Appeal and Error—Briefs—Necessity for Argument and Citation of Authorities.**

Where a plaintiff in error sets out assignments on which he prays a reversal of the judgment of the trial court, and such assignments are merely mentioned in his brief without argument and without citation of any authorities in support of the same, the said assignments can avail him nothing, for the uniform holding of this court is that under rule 26 such assignment or assignments will be given no consideration in the determination of his appeal. Collins v. Way, 88 Okla. 143, 211 Pac. 1039.

**2. Assault and Battery—Exemplary Damages—Instructions and Verdict.**

In an action for damage for assault and battery, where the evidence discloses that the assault and battery was committed with an automatic revolver, and there was evidence in the record showing that the plaintiff sustained personal injury thereby, and the evidence further showed that the action of the defendant in committing the assault and battery was willful, malicious, wanton, and in utter disregard of the rights of the plaintiff, the instructions of the court that if such findings were made by the jury, it would have the right to return a verdict for both actual and exemplary damages, is not erroneous, and in the absence of instructions that if the jury found both actual and exemplary damages the amount of each should be set out separately, a lump sum verdict on which judgment is entered will not be set aside on appeal.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by S. C. Harvey against John Pryor. Judgment for plaintiff, and defendant brings error. Affirmed.

Horsley & Stith, for plaintiff in error.

Grinstead, Scott, Hamilton & Cross and Floyd E. Staley, for defendant in error.

BRANSON, V. C. J. Error is prosecuted herein from the district court of Osage county. S. C. Harvey sued John Pryor resulting in a verdict in his favor in the sum of $2,500, on which judgment was entered, and Pryor appeals. The parties are referred to herein as plaintiff and defendants, as they appeared in the trial court. The action was for assault and battery on the person of the plaintiff inflicted by the defendant. In addition to the actual damages sought, the plaintiff alleged that the assault was malicious, willful, unlawful, wanton, and in utter disregard of the rights of the plaintiff, and by reason thereof punitive damages were sought. The facts out of which plaintiff's cause of action grew were in substance these:

"That on the evening of the 19th day of May, 1924, the plaintiff and one Ward, along with the families of each, were driving from Wynona to Barnsdale in an automobile. On the road one of the tires on the car driven by the plaintiff became deflated. Plaintiff drove the car to the side of the road, and while engaged in changing the tire on the said car the defendant, Pryor, came to where plaintiff was working in a somewhat intoxicated condition, and without provocation on behalf of the plaintiff the defendant engaged the plaintiff in a forced conversation. While so engaged and without any provocation on behalf of the plaintiff to the defendant, the defendant drew from a place of concealment an automatic pistol and without warning, cause, or provocation, but willfully, maliciously, wantonly, and unlawfully, thrust the pistol upon and against the abdomen of the plaintiff directing the plaintiff to hold up his hands and to keep to the side of the road. The defendant, forcing the plaintiff in

this position, withdrew from the plaintiff a few feet and leveled or aimed the pistol at the plaintiff, asserting that he intended to kill the plaintiff. After making such assertions for a period of time, the defendant walked to where the plaintiff was standing and again thrust the pistol in the abdomen of the plaintiff, commanding, by word of mouth, the plaintiff to move to a new position, all of which commands the plaintiff was compelled to obey, and again the defendant withdrew a short distance from the plaintiff. and again took aim at the body of the plaintiff asserting his intention to kill him. At the last stage of defendant's performance another automobile came in sight, and the defendant desisted from his assault and battery so made upon the plaintiff. That the said defendant was unknown at the time to the plaintiff; that said assault and battery was without warning, cause, or provocation, and that the same struck great terror to the plaintiff, did him bodily harm and violence by reason of plaintiff being impelled to believe that he, unarmed and defenseless, would be instantly killed by the defendant, and he therefore suffered not only physical injury but great mental anguish and anxiety, and was greatly humiliated to his damage as prayed."

There is little dispute as it appears from the record, as to what actually occurred, the evidence showing that the brief outline as stated above was what in effect took place. Upon hearing the evidence and the instructions of the court, a verdict in the sum of $2,500 was returned in the following form:

"We, the jury, impaneled and sworn in the above entitled cause, do upon our oaths find for the plaintiff and fix the amount of his recovery at $2,500 of and from the defendant."

The verdict was signed by the foreman. Motion for new trial was overruled and judgment entered to the amount of the verdict.

Many assignments of error are made in this court. the enumeration of all of which is unnecessary. In plaintiff in error's brief none of the assignments are supported either by argument or citation of authorities, and are therefore considered waived, except those hereinafter pointed out.

The only assignment of error which is argued goes to certain instructions refused which were requested by the defendant. The instructions given, to which exception was taken, are, first, No. 4, which in effect advised the jury if from a fair preponderance of the evidence it found that on or about the date stated the defendant committed an assault upon the person of the plaintiff by thrusting a pistol in the stomach of the plaintiff. and as the result of such assault the

plaintiff sustained actual damages, it was the duty of the jury to award plaintiff such damages as it found would fairly compensate him for the injury sustained, not exceeding the amount prayed, and that in determining the same it could take into consideration, if any, his mental suffering, humiliation, and shame. Further, the jury was advised that if it found that the assault and battery was committed and that the same was willful, malicious, and wanton, and in utter disregard of the rights of the plaintiff, that it was not limited to mere compensatory damages, but might award such further sum as exemplary damages as the jury deemed proper; and defendant complains that the court refused to give his requested instructions Nos. 1, 3, and 4. the first of which was to the effect that the plaintiff could not recover any damages against the defendant unless there was some physical injury; No. 3, to the effect that actual damages had to be shown before punitive damages could be allowed or recovered; and No. 4, that if no actual damages were found to exist, no recovery could be had for insult, humiliation, or wounding of the feelings of the plaintiff. Several cases are cited by the defendant which he contends made the refusal of the court to give the requested instructions reversible error.

In other words, the defendant, by his requested instructions, contends that actual physical damages to the person of the plaintiff had to be found to have been inflicted by the defendant upon the plaintiff before exemplary damages could be recovered. since, as defendant contends, exemplary damages could only be awarded in the case of actual physical damages.

The defendant says there was no physical injury shown by the evidence. The court specifically instructed the jury that if it found that the defendant committed an assault upon the person of the plaintiff by thrusting a pistol into his stomach. that by reason thereof the plaintiff sustained injury, the jury was authorized to award such damages as would fairly compensate the plaintiff for the same, and in doing so the jury might take into consideration not only the plaintiff's physical injury but the mental suffering, humiliation, and shame, if any were shown.

We could not say as a matter of law that a man could deliberately, without provocation, wantonly, and recklessly hit another, one or more times, in the stomach with an automatic pistol, the effect of which. as shown by the record in this case, was to incapacitate the plaintiff to do the work in

cident to his regular occupation, accompanied with such threats to take the life of the plaintiff as would indicate deliberate intention of the defendant to murder the plaintiff, that this would not be such an actual injury to the plaintiff as would warrant a jury in returning a verdict for actual damages. Whatever actual injury or damage was suffered was left to the jury to determine, but the further instructions of the court advised the jury that if such actual injury or damage was sustained and the jury found the defendant's acts to be willful, malicious, and wanton and in utter disregard of the rights of the plaintiff, the jury would have a right to return such sum as exemplary damages as in the judgment of the jury would properly serve to retard the defendant from a repetition of such conduct and as a deterrent to others from doing likewise.

We think that the instructions requested, in so far as argued in the brief, were sufficiently covered by the trial court.

It is suggested in the brief that the verdict of the jury should have set out specifically the amount of actual damages found by the jury and the amount of exemplary damages which the jury found.

The general rule adhered to on this question is stated in 8 R. C. L., page 669, as follows:

"Generally, it is discretionary with the court whether to direct the jury, in case of awarding exemplary damages, to separate the amount assessed therefor from the amount allowed for compensatory damages. It has been held that if the jury is not charged separately as to actual and exemplary damages, a verdict for a gross sum, with specifications as to whether it is actual or exemplary damages, is not reversible error. Where the jury are instructed that they may allow exemplary damages and are not required to state damages that are compensatory separately from those that are punitive it will be presumed that a verdict for the plaintiff for a single sum is in part made up of exemplary damages." 17 C. J. 1083; Martens v. Martens (Iowa) 164 N. W. 645; Muenkel v. Muenkel (Minn) 173 N. W. 184; Murphey v. Pettitt (Ky.) 251 S. W. 179.

The defendant cites no authority contrary to the rule above stated.

The court in the instant case did not instruct the jury to separately state the amount of compensatory damages, if any, and the amount of punitive or exemplary damages, if any.

These being the only assignments urged in the brief by the defendant, we will not discuss others which are merely mentioned. The judgment of the trial court is affirmed.

NICHOLSON, C. J., and MASON, PHELPS, CLARK and RILEY, JJ., concur.

Note.—See under (1) 3 C. J. p. 1428, §1591; p. 1431, §1593. (2) 5 C. J. p. 692, §138; p. 705, §163; 17 C. J. p. 1081, §389; pp. 1083, 1084 (Anno), §391; 8 R. C. L. p. 669.