## ORTH et al. v. HAJEK.

No. 17729. Opinion Filed Oct. 4, 1927.

(Syllabus.)

1. **Appeal and Error—Assignments of Error Waived by Failure to Argue and Cite Authorities.**

Assignments of error on appeal will be considered and treated as waived by this court where plaintiffs in error fail to argue or cite authorities supporting the same in their briefs.

2. **Judgment—Presumption of Jurisdiction.**

Unless the record affirmatively shows want of jurisdiction, every fact not negatived by the record is presumed in support of the judgment of a court of general jurisdiction. Bowling v. Mary, 91 Okla. 176, 217 Pac. 404.

3. **Same—Collateral Attack.**

A judgment of a court of general jurisdiction is not subject to attack, collaterally, unless the judgment is void upon its face. Lynch v. Collins, 106 Okla. 133, 233 Pac. 709.

Error from District Court, Cotton County; E. L. Richardson, Judge.

Action by Frank Hajek against Charles Orth et al. Judgment for plaintiff, and defendant named appeals. Affirmed.

Squyres & Green, for plaintiffs in error.

J. W. Brooks, for defendant in error.

PHELPS, J. Frank Hajek, defendant in error, filed his action in the district court of Cotton county against plaintiffs in error,

praying for a judgment quieting title to certain real estate located in Cotton county. Issues were joined by defendants, plaintiffs in error here, filing their fourth amended answer to Hajek's petition, and upon trial to the court judgment was rendered in favor of Hajek quieting title to the land as prayed in his petition, and plaintiff in error Charles Orth prosecutes this appeal.

In his petition in error he sets out 12 separate assignments of error, but states in his brief that he presents two propositions for review by this court, the first of which is that he was the equitable owner of the land from the title of which Hajek prays the removal of the cloud. Counsel for plaintiff in error, however, do not argue this point, neither do they cite authorities to sustain it, and we assume, therefore, that they do not here rely upon it. In any event, since they present neither argument nor authorities to sustain their contention on this point, we will consider it waived.

It appears that Hajek's title to the real estate in question is based upon a foreclosure proceeding wherein William Orth, brother of plaintiff in error here, was owner and mortgagor of the land, the foreclosure proceedings having been filed in the district court of Cotton county upon notes given by William Orth secured by a mortgage against the land, the notes also being indorsed by Charles Orth, and the suit was filed against both William Orth and Charles Orth, one V. A. Brennan also being a party defendant, and the second proposition urged for reversal by plaintiff in error is that the trial court erred in refusing to admit certain testimony offered by plaintiff in error showing that William Orth had never been served with summons in the foreclosure suit.

The appearance docket shows that in the foreclosure proceedings Charles Orth and V. A. Brennan were personally served with summons. The journal entry of judgment further recites that:

"The court, after examining the pleadings and other papers filed in said cause, finds that said defendants William Orth and Charles Orth waived the issuance and service of summons and made their general appearance herein and agreed that judgment may be taken in said cause at any time without notice to them. Said waiver is filed with the papers in this cause."

This judgment was rendered on March 2, 1916, and when the petition to quiet title in the instant case was filed on November 12, 1924, Charles Orth was the only one of the defendants who answered, setting up four separately-numbered paragraphs or grounds of defense, the one upon which he seems to rely being that the foreclosure proceedings were "void for want of jurisdiction over the defendants," and it is upon this allegation in his fourth amended answer that he offered testimony that his brother, William Orth, the owner of the land when the mortgage was foreclosed but who makes no complaint himself in the instant action, was not served with summons before the judgment in the foreclosure suit was rendered, and that plaintiff in error now claims an interest in the real estate in controversy by reason of some transaction between himself and said William Orth.

It will be observed that plaintiff in error remained silent for a period of about eight years without taking any steps to set aside the sale under the mortgage foreclosure and now bases his right to do so upon the one clause in his amended answer that the proceedings were "void for want of jurisdiction over the defendant", and complains here because the court refused to allow him to introduce oral testimony that the records in the foreclosure suit do not speak the truth and that the court never had jursidicion of his brother, William Orth in that proceeding. He cites a number of authorities holding that a void judgment may be attacked collaterally.

We find no fault with the law announced in the authorities cited, but they have no application to the facts in the instant case. In Mayhue v. Clapp, 127 Okla. ——, decided June 28, 1927, this court has recently held that a void judgment of foreclosure should be set aside upon motion of the defendant, supported by the evidence, alleging that no summons was served on him and that he had no notice of the pendency of the proceeding until after the judgment was rendered, but this presents quite a different state of facts from the facts in the instant case. The admission of the evidence offered by plaintiff in error under the state of this record would have done violence to the presumption of the regularity of the proceedings and judgments of the courts of record of this state, which presumption has here become a settled and fixed rule of law.

We reach the inevitable conclusion, therefore, that the trial court committed no error in excluding the testimony offered, and the judgment of the district court is affirmed.

BRANSON, C. J., and LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 3 C. J. p. 1428, §1591; p. 1431, §1593; 4 C. J. p. 1068, §3057. (2) 34 C. J. p. 537, §841; 15 R. C. L. p. 890.

(3) 34 C. J. p. 511, §815; p. 530, §834; 15 R. C. L. p. 843; 3 R. C. L. Supp. p. 498; 4 R. C. L. Supp. p. 1021; 5 R. C. L. Supp. p. 854; 6 R. C. L. Supp. p. 934.