## MOSELEY v. BOYD.

No. 22028. March 20, 1934.

Jones & Randolph, for plaintiff in error.

C. G. McKoin and Irwin Donovan, for defendant in error.

OSBORN, J. The plaintiff, O. E. Boyd, sued the defendant, C. M. Moseley, sole owner doing business as National Loan Company, in the district court of Muskogee county for damages. The cause came on for trial before a jury, and at the conclusion of the evidence the trial court discharged the jury and rendered a judgment for plaintiff in the sum of $100, from which defendant appeals. The parties will be referred to as they appeared in the trial court.

It appears that plaintiff is an employee of the M., K. & T. R. R. Company as a brakeman; that defendant is engaged in making loans on chattels. During the month of October, 1926, plaintiff borrowed $20 from defendant, and agreed to pay 20 per cent. interest per month. A promissory note was executed and an assignment of plaintiff's wages was signed by plaintiff in blank. Plaintiff paid defendant the sum of $31.50, being the amount of principal and interest. Defendant did not return plaintiff's promissory note, but filled in the blank assignment of wages which purported to show that it was executed on October 18, 1927, and covered wages earned from October, 1927, to October 1, 1928. The amount of the assignment, however, was $20. Defendant filed the assignment with the said railroad company, and plaintiff's wages were withheld for a period of 14 days. The record shows that plaintiff procured an attorney who secured a release of his wages and was forced to pay an attorney's fee of $25.

It is further shown that defendant filed the assignment and a claim with the collection department of the Retail Merchants Association of Muskogee, which is an association organized for the purpose of keeping records on certain individuals showing their credit rating; that the result of the filing of the bogus assignment with the credit association was to impair plaintiff's credit standing. The prayer of plaintiff's petition is for $200 actual damages and $6,000 exemplary damages.

When the cause was called for trial, plaintiff introduced his evidence and rested. Defendant demurred to the evidence, the demurrer was overruled, and defendant thereupon declined to offer any evidence.

Thereupon the trial court found that the publication of the assignment of wages constituted a libel against plaintiff, and that plaintiff had pleaded and proved damages thereby, but the damages proved were less than $100, and since the statute fixed the minimum recovery at $100, there was nothing to submit to the jury. The jury was discharged and judgment was rendered by the court in favor of plaintiff for $100, which is the judgment appealed from. Plaintiff has filed no cross-appeal.

Defendant assigns a number of errors of the trial court, but only three propositions are presented and argued in the brief; that is, (1) that the court erred in overruling a demurrer of the defendant to the evidence of plaintiff; (2) the court erred in rendering judgment which was at variance with the pleadings, issues, and proof, and was not supported by the law or the evidence; (3) the court erred in overruling the defendant's motion for a new trial.

There is no merit to the first contention. The argument of the defendant on the second contention is to the effect that the evidence is insufficient to support a judg-

ment predicated upon libel. It may be said that the petition of plaintiff did not declare upon libel, but it appears that the action is based upon a provision of section 9956, O. S. 1931, which provides that any person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money, which is called damages, and upon the provisions of section 9962, O. S. 1931, providing that exemplary damages may be fixed by the jury, where oppression, fraud or malice is shown. Under the pleadings and evidence in this connection, the failure of the court to submit to the jury the question of actual and exemplary damages is not properly before us. Plaintiff has not appealed and the defendant has waived the error by a failure to argue or cite authorities in his brief on this proposition. Orth v. Hajek, 127 Okla. 59, 259 P. 854; Colby v. Daniels, 125 Okla. 202, 257 P. 298; Pryor v. Harvey, 121 Okla. 288, 249 P. 905.

The defendant contends that the judgment is at variance with the pleadings, issues, and proof. The liberal attitude of this court in connection with the formalities of pleadings is well expressed in the case of Page v. Oklahoma City, 129 Okla. 28, 263 P. 448, wherein it is said:

"The petition must contain:

" 'First: The name of the court, and the county in which the action is brought, and the names of the parties, plaintiff and defendant, followed by the word "petition." Second: A statement of the facts constituting the cause of action, in ordinary and concise language and without repetition. Third: A demand of the relief to which the party supposes himself entitled.' (Sec- 265, C. S. 1921.) * * *

" 'It is not necessary that the facts should be stated in such manner as would have entitled the plaintiff to a recovery under any particular form of action,' but sufficient if they "show a right to recovery, * * * under the general principles of law.' " (Hawkins v. Overstreet, 7 Okla. 277, 54 P. 472.) * * *

" "Where a petition contains an allegation of facts which show that the plaintiff has been wronged, shows of what such wrong consists and the damage plaintiff has sustained thereby, and shows that defendant perpetrated such wrongs and is liable therefor, and asks judgment for the amount of damage sustained by reason thereof, such petition states a cause of action.' (Smith v. Gardner, 37 Okla. 183, 131 P. 538.) * * *

"A plaintiff is not confined to the specific relief prayed for; he may pray for such relief as he supposes himself entitled, and will then be granted such relief as he proves himself entitled to."

In the instant case, plaintiff has pleaded and proved an unlawful and wrongful act committed by defendant and has shown that the same resulted in damage to him. The pleadings and the evidence justify a recovery. The amount of recovery was fixed by the court instead of a jury. The error, if any, has been waived by both parties. The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.