## PUGH-BISHOP CHEVROLET CO. v. DUNCAN.

No. 25532. March 17, 1936.

R. Y. Nance and W. A. Scofield, for plaintiff in error.

Williams & Martin, for defendant in error.

PER CURIAM. This action was commenced by the defendant in error, J. E. Duncan, as plaintiff, against Pugh-Bishop Chevrolet Company, as defendant, to recover the sum of $300 on account of the alleged conversion of an automobile. The parties will be referred to as they appeared in the lower court.

This appeal is from a verdict and judgment based on the first cause of action in plaintiff's amended petition. The plaintiff in substance alleged that he was the owner of a 1926 Chevrolet touring car; that the defendant was a dealer in new cars; that the defendant through its officers called upon the plaintiff and induced him to trade his old car in on a new one on the promise that he would be given a credit of $300 on account of the old car toward the purchase of the new car; that in reliance upon such promise he traded his old car to the defendant and executed a blank note and mortgage which the defendant was to complete in an amount equal to the difference between the purchase price of the new car and the $300 allowance on the old car; that the promise of the defendant was in bad faith and made for the purpose of obtaining possession of the plaintiff's old car without the intention of performance; that defendant in fraud of such promise and plaintiff's rights completed the note and mortgage for $100 more than had been agreed upon, and immediately sold the same to a finance company; that as soon as plaintiff learned of said act on the part of the defendant he tendered back the new car which he had received and demanded the return of his old car and the note and mortgage which he had executed in connection with the transaction; that this demand being refused, he thereupon delivered the

new car to the finance company, alleging that the finance company was a business associate of the defendant, accepting a receipt for his note and mortgage, and again demanded the return of his old car, which was again refused. He further alleges that the acts of the defendant had deprived him of his property and that the defendant had appropriated and converted said property to its own use, and he asks judgment for the value of said property, which he alleged was the sum of $300.

The defendant filed a demurrer to plaintiff's first cause of action, which was overruled and exceptions saved, and thereupon defendant filed its answer, wherein it denied generally and specifically the allegations of plaintiff's petition; it admitted the exchange of cars, but averred that by agreement of the parties the allowance for plaintiff's old car was fixed in the sum of $200, and that the note and mortgage was fully filled out and completed prior to execution by the plaintiff; that defendant had fully carried out and performed the terms and conditions of its agreement with the plaintiff, and by way of cross-complaint alleged that by reason of the act of the plaintiff in surrendering the new car to the finance company the defendant had been compelled to pay the finance company the sum of $128, for which amount it sought recovery, and prayed that the plaintiff take nothing as against said defendant. At the trial the defendant abandoned the counterclaim. At the conclusion of plaintiff's case the defendant interposed a demurrer to plaintiff's evidence, which was overruled and exceptions saved. At the conclusion of the case the defendant moved for a directed verdict, which was likewise overruled and exceptions saved. The jury returned a verdict in favor of the plaintiff and against the defendant for the sum of $200. A motion for new trial was filed and overruled, notice of appeal given, and the case is now properly before us.

The defendant presents nine assignments of error in this court and discusses them under three general propositions which may be summarized as error of the court in overruling defendant's demurrer to plaintiff's first cause of action, insufficiency of evidence to entitle the plaintiff to recover, and error of the trial court in giving certain instructions and error in refusing to give certain instructions requested by the defendant.

In support of the first contention of the defendant it is urged that the allegations made by plaintiff in the first cause of action

were insufficient to state either a cause of action for rescission or conversion. We gather from the argument of counsel that their position is that unless the language used in the petition is sufficient to meet the technical requirements of the particular type of action on which recovery is sought, therefore it is fatally defective. In this jurisdiction the common-law forms of action have been abolished. Section 196, O. S. 1931. The plaintiff, under the statute, however, is still required to allege and prove at the trial every fact that he was required to allege and prove at common law except in those particulars where he may be relieved therefrom by special statutory provisions. As said by Mr. Justice Sharp, speaking for this court in Mathews v. Sniggs, 75 Okla. 108, 182 P. 703:

"Under the Code procedure, primary rights and duties remain unchanged; the delicts or wrongs which are the violations of these rights and duties are still committed in the same manner as before; and as these primary rights and duties, and the wrongs which violate them, constitute the causes of action over which the courts exercise their remedial jurisdiction, it is plain that no statute relating solely to procedure can increase, diminish, or modify the causes of action which exist independently of procedure. Pomeroy, Code Rem. sec. 8. The doctrine thus uniformly established in reference to the effect of the reform legislation upon primary rights and duties and causes of action is also as clearly settled in reference to its effect upon remedies and remedial rights, when the term is used, as it properly should be, to denote the reliefs which are conferred upon the parties, and not the means of procuring these reliefs. The general and sweeping language so often quoted abolishes the distinction between actions at law and suits in equity; and other provisions and clauses recognize all the forms of judgment known to the common-law courts, namely, for payment of money, for the possession of land and of chattels, and also the specific kinds of relief which courts of equity embodied in their decrees.

"Strictly speaking, the remedy given is no part of the action, but is the result thereof. It is the object for which the action is prosecuted—the end at which all the litigation is directed. A modification of the action, a change in its forms, incidents, names, modes of procedure, including the process, the pleadings, the parties, the manner of trial, and all other steps leading up to the judgment, does not involve any alteration in this result; the general language of the Code does not, therefore, include and apply to the substance of the judgments, that is, of the remedies. Abolition of the distinctions between legal and equitable actions, and of the forms of legal actions, does not abolish

the distinctions between remedies. If, from the nature of the primary right, and of the wrong by which it is invaded, the injured party would, under the old system, have been entitled to an equitable remedy, he is still entitled to the same relief, and it may well be termed equitable; if from the like causes he would have been entitled to a legal remedy, he is still entitled to the same relief, and it may properly be described as legal. Pomeroy's Eq. Jur. secs. 84-88; Pomeroy's Code Rem. secs. 9-10; Bliss on Code Pleadings, secs. 6-10; Brown v. Kalamazoo Circuit Judge, 75 Mich. 274, 42 N. W. 827, 5 L. R. A. 226, 13 Am. St. Rep. 438."

The essentials of a petition are stated in section 198, O. S. 1931, and as we have said in Smith v. Gardner, 37 Okla. 183, 131 P. 538:

"Where a petition contains an allegation of facts which show that the plaintiff has been wronged, shows of what such wrong consists, and the damage plaintiff has sustained thereby, and shows that defendant perpetrated such wrongs and is liable therefor, and asks judgment for the amount of damage sustained by reason thereof, such petition states a cause of action."

The allegations of the first cause of action in plaintiff's amended petition were sufficient to meet the requirements set forth in the above cases, and we therefore hold that the trial court committed no error in overruling defendant's demurrer.

Likewise we are unable to agree with the contention of the defendant that the evidence was insufficient as a matter of law to entitle the plaintiff to recover in this action; argument of counsel being that, since the evidence failed to disclose any misrepresentation with reference to the car which the defendant sold to the plaintiff, therefore there was no fraud shown, and consequently there was a failure of proof on the part of the plaintiff. This ignores or overlooks the fundamental issue in the case. The plaintiff was seeking to recover for an alleged conversion of the car which he sold to the defendant, and based this action on certain alleged fraudulent acts of the defendant whereby he was deprived of his property and was not complaining of any misrepresentations regarding the car which he received. As we have said in McCracken v. Cline, 55 Okla. 37, 154 P. 1174:

"Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein."

See, also, McClintock v. Parish, 72 Okla. 260, 180 P. 689.

The fact that a party may lawfully obtain possession of personal property does not preclude a subsequent action for unlawful conversion. If the rule were otherwise, a bailee might convert the property of his bailor with impunity. The contentions of the defendant in this respect, therefore, are not sustained by the record.

The defendant next contends that the trial court erred in giving instructions Nos. 1, 2, and 3, and in refusing to give certain instructions requested by the defendant. With the contention relative to the instructions given by the court we are compelled to agree. The plaintiff's right of recovery was dependent upon proving fraud of the defendant in depriving him of his property. This was the vital question for determination by the jury. The evidence thereon was sharply conflicting. The plaintiff's evidence was not without some weakness, and the defendant's evidence was not without some strength. It therefore behooved the court to instruct the jury fairly and fully upon the issue which they were called upon to decide. The instructions in question read as follows:

"1. You are instructed that the plaintiff must make out his case by a preponderance of the evidence before he can recover in this case and if he fails to do this then your verdict should be for the defendant. Objected and excepted to by the defendant. Exception allowed. W. A. Woodruff, District Judge.

"2. You are instructed that by a preponderance of the evidence, as the term is used in these instructions, is not necessarily meant the greater number of witnesses, but is meant that evidence which in the light of all the facts and circumstances appearing at the trial is in the judgment of the jury entitled to the greater weight and credit. Objected to and excepted to by defendant. Exceptions allowed. W. A. Woodruff, District Judge.

"3. You are therefore instructed that if you find and believe from a preponderance of the evidence in this case that the plaintiff entered into a trade with the defendant company whereby he made an agreement to trade his used car at an agreed price of $300 on a new car, and thereafter he executed certain papers, including a note and mortgage, which were only filled out in part and that the defendant thereafter filled in said papers so as to make them provide a credit to plaintiff of $200 instead of $300; and that when plaintiff discovered said papers only reflected a sum of $200 instead of $300 he immediately rescinded said trade and contract and delivered back to defendant the new car and demanded of defendant his used car which he had traded in and that the return of said car was not made and that by reason thereof he became damaged in a sum equal to the value of the used car, then in that event it would be your duty

to find for the plaintiff for whatever sum, if any, you find he was damaged; which sum, if any, however, cannot in any event exceed the sum of $300. Objected to and excepted to by defendant. Exceptions allowed. W. A. Woodruff, Judge."

It will be observed that the court in the giving of the above-quoted instructions advised the jury that a mere preponderance of the evidence was all that was required of the plaintiff in the case. Since fraud was the vital issue and the proof of plaintiff was directed to that point and the evidence offered by the defendant was consistent with honesty and fair dealing, the court should have instructed the jury thereon, and the giving of the instructions above quoted ignoring the element of fraud and advising the jury that a preponderance of the evidence was sufficient to justify a verdict was error. As we said in Davis v. Howe, 99 Okla. 118, 226 P. 316:

"Where fraud is charged, it becomes a question of fact, and must be proved by the party alleging the fraud, and cannot be inferred from facts which may be consistent with honesty of purpose.

"Fraud is never presumed, but must be proved by clear and satisfactory evidence, and when a transaction is fairly susceptible of two constructions, the one which will free it from the imputation of fraud will be adopted."

In equity actions more latitude exists with reference to the proof in support of an allegation of fraud, and a decree of the chancellor will not be disturbed where it is reasonably supported by the evidence and inferences which may be properly drawn therefrom. However, this rule does not apply to law actions, but, on the contrary, therein fraud must be proved by the party alleging it by clear, strong, and convincing evidence, which means more than a mere preponderance, and in such character of cases it is the duty of the trial court to advise the jury fully as to the burden resting upon the plaintiff, and where this is not done, prejudice results as a matter of law. In St. Louis-S. F. Ry. Co. v. Bruner, 56 Okla. 682, 156 P. 649, we had under consideration instructions similar to those involved herein, and therein we said:

"This is clearly wrong as applied to an issue of fraud. The court but made the error in giving the instruction as to fraud worse by lessening beyond the scope of any sound rule the degree of proof required to sustain such a charge. That proof of fraud must be 'clear, strong, and convincing' is the settled rule of this and practically every other court. St. L. & S. F. Ry. Co. v. Bruner, supra; St. L. & S. F. Ry. Co. v. Nichols, 39 Okla. 522, 136 P. 159, and cases therein cited; Insurance Co. v. Nelson, 103 U. S. 544, 26 L. Ed. 436; C. & N. W. v. Wilcox, 116 Fed. 914, 54 C. C. A. 147."

And as we have likewise said in Williams v. Otis, 155 Okla. 173, 8 P. (2d) 728:

"It is the duty of the trial court to properly instruct the jury upon the decisive issues made by the pleadings and the evidence introduced at the trial, and a failure to do so constitutes reversible error."

Fraud being the decisive issue, the court should have given a correct instruction thereon. As said in Chickasaw Compress Co. v. Bow, 47 Okla. 576, 149 P. 1166:

"It is the duty of the court to give instructions that are substantially correct in all material parts, and to correctly state the law applicable to the case on trial, as made out by the pleadings and the evidence."

If there is a material misdirection in the instructions given by the court, it is sufficient ground for reversal although no instructions were asked.

For the errors herein pointed out, the cause must be reversed and a new trial granted.

Reversed and remanded for new trial.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and WELCH, JJ., absent.