### YELLOW CAB OPERATING CO. v. SPELCE.

No. 25708.    Oct. 6, 1936.

Rehearing Denied Oct. 27, 1936.

Dudley, Hyde, Duvall & Dudley, for plaintiff in error.

Owen F. Renegar and Everest, McKenzie & Gibbens, for defendant in error.

PER CURIAM. Action was commenced in the district court of Oklahoma county, Okla., by Georgia V. Spelce, plaintiff, against the Yellow Cab Operating Company, a corporation, defendant, to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of the negligent operation of the defendant company's taxicab, driven and operated by an employee of the defendant company, while the plaintiff was a passenger therein.

Petition was filed on the 15th day of November, 1932, alleging that defendant company is a corporation, organized and existing under and by virtue of the laws of the state of Oklahoma, and engaged in the operation of busses and taxicabs in the city of Oklahoma City, Okla., and vicinity; that on the 15th day of September, 1932, for a valuable consideration paid by the plaintiff, the defendant agreed and undertook to safely transport the plaintiff from her home, 1441 West Third street, Oklahoma City, to her place of employment, the Eugene Field school, where she was employed in the cafeteria of said school, and while en route from plaintiff's home to said school, at the Rock Island crossing on Douglas street, between Third and Fourth streets, the driver of defendant company's taxicab drove and operated said taxicab in a rough, careless, and negligent manner, throwing the plaintiff from her seat against the door of the taxicab, and out of said door onto the pavement, resulting in cuts and bruises upon the body and person of the plaintiff. Plaintiff alleges that her head was badly injured; that her back, shoulders, and legs were bruised and injured; that as a further result of said injuries she suffered a miscarriage, and that her female organs have been permanently injured; that at the time of said injuries she was 41 years of age and in good health and was taking care of her household duties; that she was earning the sum of $7 per week at the school cafeteria for one-half time work; that her services were reasonably worth the sum of $14 per week; that by reason of said injuries she was unable to continue her employment or to take care of her household duties, and was rendered unable to perform physical manual labor; that she suffered and still suffers great and excruciating bodily pain and suffering, and has undergone great mental suffering and worry; that she has been deprived of her means of earning a livelihood; that she has been permanently injured and sustained damages in the sum of $40,000; that in addition thereto she was put to necessary and reasonable expense in endeavoring to be cured in the further sum of $500, and prays judgment for the sum of $40,500.

To this petition defendant filed a general denial. The case was tried to a jury, commencing on the 6th day of November, 1933, resulting in a verdict for the plaintiff for the sum of $3,000. Timely motion for new trial was filed by the defendant, which was by the court overruled, and defendant appeals.

The defendant in the trial court is the plaintiff in error herein, and the plaintiff in the trial court is the defendant in error herein, and will be referred to herein as they appeared in the trial court.

For reversal the defendant sets out eleven assignments of error in its petition in error, but urges only four assignments of error, and states in its brief as follows:

"We present assignments of error 1, 3, 8 and 10, and argue them under one proposition of law."

The one proposition of law referred to by the defendant is stated by the defendant as follows:

"Where the injury is subjective, to warrant the giving of an instruction authorizing a jury to return a verdict for future pain and suffering, there must be produced evidence by expert witnesses that the plaintiff, with reasonable certainty, will experience future pain and suffering as a result of the injury; and there being a total lack of such evidence in this record, it was error for the court to give instruction No. 16, in which he told the jury they could consider future pain and suffering in fixing the amount of plaintiff's recovery."

The assignments of error presented by the defendant are as follows:

(1) That this court erred in overruling its motion for a new trial.

(3) That this court erred in refusing to give its requested instruction No. 6.

(8) That this court erred in its instructions to the jury in giving instruction No. 16.

(10) That this court erred in overruling its special demurrer to the evidence in chief of the defendant in error, plaintiff below, as to the permanency of her injuries.

Defendant's requested instruction No. 6, referred to in defendant's assignment of error No. 3, is as follows:

"No. 6. In determining the amount of your verdict, in the event you find for the plaintiff, you may not consider future pain and suffering, loss of time, or disability, for the reason that the evidence does not disclose that the plaintiff has been permanently injured or disabled as a result of the accident."

Instruction No. 16, as given by the court and excepted to by the defendant, is as follows:

"No. 16. If your verdict should be in favor of the plaintiff, in determining the question as to the amount of her recovery you shall fix in your verdict, you may properly take into consideration the circumstances in life of the plaintiff, her previous health and physical condition, her age, the extent of her injuries, if any, whether permanent or otherwise, the pain and suffering endured or likely to be endured in the future, her loss of time and earning capacity, and award her such damages as you may determine from the evidence will reasonably compensate her therefor, not to exceed $40,-000."

Defendant contends that the above instruction was erroneous and prejudicial in three particulars, as follows:

(1) In submitting the question of permanent injury to the jury.

(2) In submitting the question of future pain and suffering to the jury; and,

(3) In incorrectly stating the rule as to future pain and suffering, if it were proper to submit it.

Under the above state of facts this court is interested only in the assignments of error urged by the defendant, that is, assignments numbered 1, 3, 8, and 10. Other assignments of error will be considered as waived, under the authority of Mills v. Lester, 169 Okla. 344, 37 P. (2d) 261; Orth v. Hajek, 127 Okla. 59, 259 P. 854, and Moseley v. Boyd, 167 Okla. 485, 30 P. (2d) 897.

We recognize defendant's proposition of law, under which its four assignments of error are argued, is a correct statement of the general rule of law, and requires an examination of the evidence to determine whether or not that general rule of law is applicable to the facts in the case at bar.

Evidence was introduced to the effect that the plaintiff was thrown from the defendant company's taxicab; her head and shoulders striking the pavement; her hips on the running board of the taxicab; her feet in the door of the taxicab. The testimony showed that she sustained a cut on the back of the head about one and one-half inches long through which the skull was exposed; the left shoulder and arm were severely bruised, and were black and blue for four weeks or more; her back was severely bruised and injured, from which she suffered great pain and soreness; the lower part of her abdomen was very sore and painful.

The accident occurred about 7 o'clock a. m. She proceeded to her place of employment and stayed until 3 o'clock p. m., the usual quitting time; during the day she sat at her work as much as possible, and suffered pain during the day. She went immediately to bed when she arrived at home, and during the night she had severe chills and vomiting; the following morning the doctor was called and saw her daily until September 20th, at which time he found that she had suffered a miscarriage. On the 24th her condition was such that she was taken at once to the hospital and immediately underwent an operation; the attending physician fearing an infection. The operation consisted of a curretment, or scraping the inner walls of the uterus with an instrument known as a curret, to remove any foreign substance. She remained in the hospital until October 1st, at which

574

time she returned to her home and was there confined to her bed until Thanksgiving, or about that time, after which she was in bed part time and up part time. She was not able to return to her work during the remainder of the school year, and was not able to take care of her house work for a considerable period of time.

At the trial of this case she testified that she returned to her work at the school cafeteria at the beginning of the school year, 1933, and was working at the time of the trial; that she continually suffered with headache from the date of the injury; that her back and lower abdomen were sore and painful, and that her abdomen was very painful when she was required to be on her feet; that about the only time she had relief was when she was lying down. A short time before the trial her attending physician examined her, and testified that he found an inflamed, enlarged tube on the left side, which condition indicated pus or fluid. He said that unless the condition corrected itself, she would have to have an operation.

The attending physician testified that the condition as found in the left Fallopian tube was most generally caused by miscarriage, abortion or G. C. infection, and that the laboratory tests did not show the presence of G. C. infection; that the miscarriage was the most probable cause of the condition; that the plaintiff complained of severe pain and soreness during the examination. Two physicians for defendant examined the plaintiff at the noon recess of court during the progress of the trial. They testified that the plaintiff had given a true history of miscarriage; that she evidenced great soreness and pain during the examination, although they testified they were unable to find the condition as related by the plaintiff's physician.

There is no direct testimony in the record by the expert witnesses that the plaintiff has suffered a permanent injury, although she was not fully recovered and may have to have an operation. There was no direct testimony that she would with reasonable certainty experience pain and suffering in the future, although she had experienced pain from the date of injury, to and including the date of trial.

A subjective injury or condition is one that cannot be seen, but exists only to the examiner as related by the patient, but when that condition can be discovered by the experienced physician, through his trained faculties, eyes and hands, then it

becomes objective to the examiner, and when his findings are related to the jury, these findings are competent evidence to be considered by the jury. However, the question of permanency of plaintiff's injuries would require expert testimony to determine, and there being none, the jury was not competent to pass upon that question. The question of future pain and suffering, we think the jury was entitled to consider. The condition of the plaintiff was described by expert witnesses with the greatest of particularity, both from the standpoint of physical examinations and from hypothetical questions propounded, and with that information before the jury they would be entitled to exercise their knowledge, experience, and judgment as to whether the pain and suffering would cease on the date of trial or continue into the future.

For the above reasons, if for no other, the court did not commit error in refusing defendant's requested instruction No. 6. In addition to this, we find that the measure of damages was not correctly stated in said requested instruction. The requested instruction is not clear as to whether the jury were precluded from considering loss of time, and disability in any event, or whether the instruction had reference to future loss of time and future disability. The evidence was clear that the plaintiff had suffered loss of time and had been disabled. In addition to this the requested instruction states that the jury may not consider future pain and suffering, loss of time, or disability, for the reason that the evidence does not disclose that the plaintiff has been permanently injured or disabled as a result of the injury. We do not think it necessarily follows that, in order to experience future pain and suffering, loss of time, or disability, an injury must be of a permanent nature.

In a great number of decisions this court has held that it is not error to refuse requested instructions that are not correct, in form and substance, as follows:

"In order to entitle a party to insist that a requested instruction be given to the jury, such instruction must be correct, both in form and in substance, and such that the court might give to the jury without modification or omission. If the instruction as requested is objectionable in any respect, its refusal is not error." Missouri, Kansas & Texas Railway Co. v. West, 38 Okla. 581, 134 P. 655; Smith v. Pulaski Oil Co., 88 Okla. 47, 211 P. 1047; Hub-Wyoming Oil Co. v. Watts, 89 Okla. 133, 214 P. 193; Muskogee Electric Traction Co. v. Bolin,

105 Okla. 142, 232 P. 105; Campbell v. Breece, 134 Okla. 266, 274 P. 1085.

Defendant insists that the language used by the court in instruction No. 16, as given to the jury, was erroneous and prejudicial, and left to the surmise and speculation of the jury an improper and erroneous standard by which to measure future pain and suffering. The language complained of is the word "likely" used in the following clause: "endured or likely to be endured," and insists that the proper measure of damages is, "pain and suffering that **will, with reasonable certainty, be endured.**" This court in a long line of decisions has approved the measure of damages, suggested by the defendant as being a correct measure of damages by which to fix the award, nor are we departing from that rule of law in the instant case, but other matters are to be considered in the case at bar.

If it is conceded that the contention of the defendant is correct, and that there was no evidence on which to submit the question of permanency of plaintiff's injuries; and that the evidence was not sufficient, nor of the proper character, to warrant an instruction as to future pain and suffering; and that the language of instruction No. 16 was improper, and gave the jury an incorrect measure with which to determine the plaintiff's damages for future pain and suffering, if any, yet we have statutory provision in this state, as well as a long line of decisions which we must consider in connection with the entire record in this case.

Section 3206, O. S. 1931, is a prohibition against reversal of causes for technical reasons, or harmless error, and is as follows:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

It seems clear that the only objection to instruction No. 16, as given by the court, that could be interposed by the defendant would be the amount of damages awarded by the jury; the measure of damages being incorrectly stated therein. In the case of

Henshaw et al., Rec's, v. Brunson, 137 Okla. 180, 278 P. 645, this court has cited with approval 4 C. J. p. 869, pars. 2846 and 2847, as follows:

"A finding of value or the amount of damages is ordinarily so much a matter within the exclusive province of the jury that it will not be disturbed by the reviewing court, and this is especially true where the verdict has been approved by the trial court. The operation of the rule is not affected by the fact that, in the opinion of the reviewing court, the amount awarded by the jury is larger or smaller than it should have been, where there was evidence to sustain the verdict, and nothing to induce the belief that the jury was actuated by prejudice, partiality, or corruption. * * *.

"The authority invested in courts to disturb the verdict of the jury on the ground of executive damages, is one that should be exercised with great caution and discretion, and ordinarily the court will refuse to set aside a judgment on the ground that the award is excessive. * * * So it has been held that a verdict will not be disturbed on the ground that it is excessive where there is some evidence to support it; where the evidence would authorized a larger amount of damages than that allowed; where the evidence is conflicting."

In the above case this court cited with approval the case of Muskogee Electric Traction Co. v. Dunnam, 129 Okla. 70, 263 P. 1091, as follows:

"In an action for personal injury, the jury is charged with the duty to fix the amount of damages, and its verdict will not be set aside for excessive damages, unless it clearly appears that the jury committed some gross and palpable error or acted under some improper bias, influence or prejudice, or has totally mistaken the rules of law by which the amount of damages is fixed. Held, that, in the instant case, the damages fixed by the jury are not excessive for the substantial injury suffered by plaintiff in this action."

In the same case this court also cited with approval the rule announced by Chancellor Kent in Coleman v. Southwick, 9 Johns (N. Y.) 45, as cited in the case of Oklahoma Producing & Refining Corporation v. Freeman, 88 Okla. 166, 212 P. 742, as follows:

"The damages, therefore, must be so excessive as to strike mankind, at first blush, as being beyond all measure unreasonable and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption. In short, the damages must be flagrantly

outrageous and extravagant, or the court cannot undertake to draw the line, for they have no standard by which to ascertain the excess."

In Dodson & Williams v. Parsons, 62 Okla. 298, 162 P. 1090, this court held:

"Where there is competent evidence tending to show damages alleged, and the verdict is not excessive, and when the complaining party does not request the trial court to give an instruction correctly stating the measure of damages, a cause will not be reversed because the court's charge does not accurately define the measure of damages."

This rule has been adhered to in the cases of Potts v. Zollinger, 79 Okla. 262, 192 P. 1099; Oklahoma Union Ry. Co. v. Lynch, 115 Okla. 146, 242 P. 176; Muskogee Electric Traction Co. v. Richards, Adm., 97 Okla. 61, 222 P. 265; Lusk v. Kennedy, 73 Okla. 307, 176 P. 502; Rhodes v. Lamar, 145 Okla. 223, 292 P. 335, and many others.

This court held in the case of Oklahoma City v. Page, 153 Okla. 285, 6 P. (2d) 1033, as follows:

"While it is the duty of the court to give instructions fairly covering the case and it is error to refuse requested instructions which are proper, or to give instructions which are erroneous, yet, if under any possible view of the law and the evidence, a plaintiff would be entitled to recover in at least the amount of the verdict rendered in her favor, no such errors would be reversible."

The defendant has made no assignment of error that the verdict of the jury is excessive, or that same was given under the influence of passion or prejudice, but we have examined the entire record in an effort to ascertain any indication that such was the case, and are unable to say that there is anything in the record that would so indicate, and the defendant has failed to indicate in its brief anything that would tend to show bias, prejudice or partiality upon the part of the jury. For the substantial injury suffered by the plaintiff, we do not find that the amount of the verdict is excessive.

Although instruction No. 16 is objectionable, yet we fail to find that the defendant has been prejudiced thereby, or that it has been deprived of any substantial constitutional or statutory right, or that there has been a miscarriage of justice, but, on the other hand, find that there is competent evidence to sustain the verdict of the jury, and under this state of facts we are not at liberty to discard the finding of the jury.

Finding no error in the record sufficient to warrant the reversal of this case, same is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. A. Denny, J. H. Maxey, and Lewis J. Bicking in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Denny and approved by Mr. Maxey and Mr. Bicking, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.