TOWN OF BRAGGS et al. v. SLAPE et ux.

No. 34525.    Nov. 12, 1952.

*250 P. 2d 214.*

Banker & Bonds, Muskogee, for plaintiffs in error.

Kelly Brown, Muskogee, for defendants in error.

BINGAMAN, J. This action was brought by Bert and Vita Slape against the town of Braggs, in Muskogee county, and Jim Harris, Harry Breedlove and Noah Junior Horn, trustees of said town, to recover damages resulting to plaintiffs from the discharge by the defendant town of sewage into a creek running across the farm of plaintiffs. The trial court submitted the cause to a jury, which returned a verdict for $1,000 in favor of plaintiffs, and defendants appeal.

The amended petition filed by plaintiffs sets out the location of their 80-acre farm, about one-half mile from the town of Braggs, Oklahoma, the dumping of sewage in its raw state for the

past two years from a sewer disposal plant located a short distance from the farm of plaintiffs, which was their home, into a stream which ran across said farm, and the pollution of the water of said stream thereby. Plaintiffs plead offensive odors arising from the stream to their injury and damage, swarms of mosquitoes which were attracted to said stream by said sewage and which also added to their inconvenience and annoyance; plead further that by the acts of the defendants plaintiffs had been deprived of the use of water from the stream for farm and domestic purposes and were forced to restrain their livestock from running upon the premises and to keep them in pens or a rented pasture, and further that the value of the farm had been reduced by the acts of the defendants so that the property was no longer habitable and not fit for sale or market, except to a very limited extent; that the property was reasonably worth the sum of $4,500, and that plaintiffs had been damaged in two-thirds of the value thereof, or $3,000, which amount they sought to recover from defendants. They also asked for injunctive relief.

The answer of defendants alleged that all the acts, doings and things alleged by plaintiffs occurred more than two years prior to the filing of the cause and by reason thereof the same was barred by limitations.

Defendants contend that the trial court erred in refusing to direct a verdict in their favor for the reason that the cause of action was barred by the statute of limitation; that under the allegations of the petition the plaintiffs asked for temporary damages because of the mode of operation of the plant, but the measure of the damages alleged was erroneous; that it would not be the difference in the value of the real estate before and after the construction of the improvements.

From the record it appears that the action was brought on the 24th day of November, 1948, and that the plaintiffs attempted to combine in one cause of action damages caused by the inconvenience occasioned by the foul odors arising from the stream, and the loss of usable value due to the fact that the property was valuable chiefly for grazing purposes and that when the stream was polluted with raw sewage they could not pasture their cattle on the land, but were required to keep them in rented pasturage or in a fenced lot upon the premises.

The fact that plaintiffs measured their damages by diminution in the value of the property was not necessarily fatal to their right to recover. Page v. Oklahoma City, 129 Okla. 28, 263 P. 448. In that case we held that where the petition contained an allegation of facts showing that the plaintiff had been wronged, of what such wrongs consisted and the damage sustained thereby and that the wrongs alleged were perpetrated by the defendants and asked judgment for the amount of damage sustained, it stated a cause of action, citing Smith v. Gardner, 37 Okla. 183, 131 P. 538. In the instant case the damages were alleged to have been sustained in the past two years, and the testimony offered by plaintiffs all went to the years 1947 and 1948, which were within the statute of limitation. Bert Slape testified at length as to the unwholesome condition of the stream and the offensive odors arising therefrom, which rendered the house in which they lived almost uninhabitable, forcing them to close their windows on numerous occasions to keep out the odors arising from the stream, and the fact that they were unable to use the water of the creek for any purpose. This testimony all went to the cause of action for inconvenience and annoyance suffered by his family and himself because of the pollution of the stream. He also testified that whereas prior to the pollution of the stream the water had been fit for human consumption and for the watering of his cattle and horses, after the pollution of the stream he was forced

on many occasions to pen his livestock or to place them in rented pastures because the water was unfit for livestock to drink. This went to the cause of action for usable value of the property. See City of Holdenville v. Kiser, 179 Okla. 216, 64 P. 2d 1223. The damages covered by this testimony were temporary damages or damages arising from a temporary nuisance and being testified to only for the years 1947 and 1948, compensation for such injuries was not barred by the statute of limitations.

The testimony of Slape was supported by that of witnesses living adjacent to the stream and by former employees of the town of Braggs having charge of the sewer disposal plant. All these witnesses testified that the machinery placed in the plant for the purpose of filtering the sewage so that it would not run into the creek in its raw state was disabled and was not used for long periods of time during which the raw sewage ran into the creek.

The witness Bryant, a real estate man familiar with the value of land in that locality, testified that the mere presence of the disposal plant near the property of plaintiffs depreciated its market value some 50 per cent, and that the running of raw sewage into the stream would further materially affect the value of the property in that it would destroy its residential value. The trial court, while it permitted evidence of permanent injury due to the erection of the sewer plant near the home of the plaintiffs, instructed the jury that any cause of action based upon the decrease in valuation due to the construction of the plant was barred by the statute of limitation, and that the testimony of Bryant concerning damages due to the erection of the plant was not to be considered by them. It did permit the jury, however, to consider the testimony of the witness Bryant as to the decrease in the value of the property due to the running of raw sewage into the creek. Since, as we view this testimony, this evidence went wholly to usable value, we think it was properly admitted for the consideration of the jury.

We have repeatedly held that decrease in the rental or usable value of the property, and personal inconvenience and annoyance suffered by the plaintiffs because of the odors arising from sewage permitted to flow into a stream, while separate causes of action, were both in their nature temporary, and that recovery for both could be had in the same action. City of Holdenville v. Kiser, supra; Oklahoma City v. Eylar, 177 Okla. 616, 61 P. 2d 649; Oklahoma City v. Page, 153 Okla. 285, 6 P. 2d 1033. The testimony of plaintiff Slape to the effect that he could not use his land for pasturage when the stream was polluted with raw sewage went in without objection, and under the rule announced in Page v. Oklahoma City, supra, if plaintiffs' petition did not clearly allege that a reduction in the rental or usable value of the property also resulted from the running of raw sewage into the stream, the petition would be treated as amended to conform to the facts proved. Plaintiffs were entitled to reasonable compensation for the inconvenience and annoyance suffered by them because of the offensive odors arising from the stream and the swarms of mosquitoes and other insects which infested it because of the raw sewage it contained, and were also entitled to recover for the reduction in the usable value or rental value due to the fact that the premises were rendered almost uninhabitable and could not be used for pasturage purposes for a considerable portion of the time. It is not contended that the verdict of the jury for $1,000 is excessive.

In their last contention defendants contend that six instructions requested by them and refused by the court should have been given to the jury and that the refusal of the court to do so was reversible error.

We have carefully examined the requested instructions and the instruc-

tions given by the trial court and find that several of the instructions requested by defendants were in substance given by the court. The other instructions given by the court fairly stated the law and the issues to be determined by the jury, confining their consideration to damages suffered by the plaintiffs by reason of the offensive odors and the depreciation, if any, of the usable value of the land due to the negligence of defendants. We find no error in the instructions, and hold that the refusal of the trial court to give the instructions requested by defendants did not constitute reversible error.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, and O'NEAL, JJ., concur.