Enos Glenn THOMAS, Plaintiff in Error,

v.

J. C. CASFORD, Defendant in Error.

No. 39125.

Supreme Court of Oklahoma.

June 13, 1961.

Rehearing Denied Aug. 1, 1961.

I. D. Ross and David Ross, Newkirk, for plaintiff in error.

Eddy & Card, by Ellis W. Eddy, Medford, for defendant in error.

DAVISON, Justice.

This is an appeal by plaintiff on the original record from an order of the lower court sustaining defendant's demurrer to plaintiff's second amended petition.

Plaintiff filed this suit in the lower court on July 17, 1959. Plaintiff alleged in his amended petition that on August 7, 1957, he was an employee of a motor company and that defendant's car was in the company's shop for repair; that defendant called for the car and plaintiff, as instructed by the employer, refused to deliver the car until the charges were paid. The amended petition then alleged:

"3. That upon the refusal of the plaintiff to deliver the automobile, without first receiving the payment for the repair service, the defendant inflicted the bodily injuries, set out hereafter, upon plaintiff by striking the plaintiff on and about his head with his fists, knocking him down. That said injuries were the direct and proximate results of these blows."

Plaintiff described the injuries sustained from the blows and alleged his hospital and doctor bills, loss of earnings, and damages. Plaintiff further alleged that the injuries and expenses were the direct and proximate result of the "malicious and intentional act" of the defendant and asked for exemplary damages.

Defendant demurred to the amended petition on the ground that the second amended petition showed on its face that the cause of action was barred by the statute of limitations. The trial court held that the one-year statute of limitations was applicable and sustained the demurrer.

Plaintiff contends that the two-year statute of limitations applies and that the action was brought within that time and the demurrer should have been overruled.

The statute of limitations in question is 12 O.S.Supp 1953, § 95, and states in part as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * *"

The plaintiff relies on the third paragraph thereof which provides in part:

"Within two years: * * * an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; * * *."

The defendant relies on that part of the fourth paragraph of said statute which states:

"Within one year: * * *; an action for * * *, assault, battery, * * *."

■ The above quoted portion of the third paragraph of the statute is qualified by the words "and not hereinafter enumerated." Obviously, a civil action for "assault, battery" falls within the category "hereinafter enumerated." If plaintiff's amended petition exclusively states a cause of action for damages for assault and battery then it is subject to the one-year statute of limitations.

Examination of the amended petition reflects no lawful excuse for the assault and battery and consequently plaintiff was wronged; that the wrongs consisted of a beating resulting in described physical injuries to plaintiff; that the plaintiff suffered damages as itemized and set forth; that the defendant maliciously and intentionally perpetrated such wrongs and was liable to plaintiff therefor, including exemplary damages; and prayed judgment for the amount of the damages sustained by such wrongs.

The amended petition met the general requirements necessary to state a cause of action. Pugh-Bishop Chevrolet Co. v. Duncan, 176 Okl. 310, 55 P.2d 1003, and Town of Braggs v. Slape, 207 Okl. 420, 250 P.2d 214. It specifically stated a cause of action for assault and battery. See Long v. McWilliams, 11 Okl. 562, 69 P. 882; Pryor v. Harvey, 121 Okl. 288, 249 P. 905; and 21 O.S.1951 §§ 641 and 642.

Plaintiff admits the injuries were the direct and proximate result of an assault and battery. However, plaintiff states he is suing for the injuries and not because an assault and battery was committed upon him. Plaintiff relies upon 76 O.S.1951 § 1, which reads as follows:

"Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights."

■ This statute generally defines torts and is relied upon in instituting the different kinds of tort actions. However, it is subject to the limitations stated in 12 O.S.Supp.1953 § 95, supra, applicable to the type of tort action set forth in the petition. Furthermore, injury or damage is an element of a cause of action and is not of itself a cause of action. 1 C.J.S. Actions § 8, p. 986. Pugh-Bishop Chevrolet Co. v. Duncan, and Town of Braggs v. Slape, supra.

Plaintiff cites White v. Hirshfield, 108 Okl. 263, 236 P. 406, and Boose v. Hanlin, Okl., 346 P.2d 932. These cases are not in point. In the White case the plaintiff, in her suit against a physician, waived her cause of action for assault and battery and brought an action for the wrongful and unskilled acts as constituting a violated duty on the part of the physician. In the Boose case the cause of action was for the tort of interference with plaintiff's employment rights rather than for the slander causing such interference. The cited cases reflect

that plaintiffs therein alleged a cause of action falling within the provisions of the two-year statute of limitations. The amended petition of the plaintiff in the present appeal was not to the same effect.

Plaintiff's amended petition alleged a cause of action for assault and battery and the one year limitation set forth in 12 O.S. Supp.1953 § 95, par. 4, is controlling as to limitation of action.

Affirmed.